FILED
2022 Dec-22 AM 10:11
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | |
|---|---|
| **ALDO STASSI,** | ) |
| **Plaintiff,** | ) |
| v. | ) Civil Action No.: |
| **SWIFT TRANSPORTATION CO. OF ARIZONA, LLC; and DOLLAR TREE STORES, INC.; TOTAL TRANSPORTATION OF MISSISSIPPI, LLC, ET AL.,** | ) Removed from the Circuit Court of St. Clair County, Alabama Civil Action No.: 75-CV-2022-900071.00 |
| **Defendants.** | ) |

## NOTICE OF REMOVAL

COMES NOW the Defendant, **TOTAL TRANSPORTATION OF MISSISSIPPI, LLC,** ("Total") and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, files this Notice of Removal of the foregoing cause from the Circuit Court of St. Clair County, Alabama, to the United States District Court for the Northern District of Alabama, Middle Division, and, as grounds for removal, shows unto the Court the following:

### I. INTRODUCTION

This Court has federal jurisdiction over this action pursuant to 28 U.S.C. § 1332 and 1441. Plaintiff is an Alabama citizen and none of the remaining defendants

{DOC# 00840053}

in this action are citizens of this state. Plaintiff's initial complaint included only Defendants Swift Transportation Co. of Arizona, LLC ("Swift"), and Dollar Tree Stores, Inc. ("Dollar Tree") Plaintiff's First Amended Complaint adding Total was served on Total on November 11, 2022. Plaintiff's First Amended Complaint alleges negligence and wantonness against Swift and Total and a single claim for workers' compensation benefits against Dollar Tree. (Ex. 1).

## II. FACTUAL AND PROCEDURAL BACKGROUND

1.  Plaintiff Aldo Stassi initiated this civil action against the Defendants on or about April 21, 2022, in the Circuit Court of St. Clair County, Alabama, Civil Action No. 75-cv-2022-900071.00.[1]

2.  Plaintiff originally initiated his action against two named defendants: (1) Defendant Swift, a citizen of Arizona and Delaware, and (2) Defendant Dollar Tree, a citizen of Virginia. (Ex. 1, Complaint).

3.  Plaintiff amended his complaint on November 16, 2022 (Ex. 1, First Amended Complaint), and added Defendant Total, a citizen of Mississippi. Total was served on November 21, 2022. (Ex. 1, Doc. 99, Notice of Service).

---

[1] Pursuant to 28 U.S.C. § 1446(a), copies of all pleadings, as well as copies of all process and other papers on file in the record of the state court action, which are within the possession, custody, and control of Defendant, are attached hereto as Exhibit "1." The case action summary for this case, from the State Judicial Information System website, Alacourt.com, is attached hereto as Exhibit "2." Correspondence regarding the settlement reached between Plaintiff and Dollar Tree on December 19, 2022, is attached hereto as Exhibit "3."

4. On December 16, 2022, Plaintiff filed, and the court granted a motion to voluntarily dismiss Defendant Swift. (Ex. 1, Document 103, Order).

5. On December 19, 2022, Plaintiff and Defendant Dollar Tree mediated Plaintiff's workers' compensation claim. On December 21, 2022, Defendant Total received written notice from the workers' compensation Ombudsman that the case had mediated and notice from Plaintiff showing settlement was being finalized. (Ex. 3). Despite the settlement, Total has obtained Dollar Tree's consent to removal. (Ex. 6).

## II. TIMELINESS OF REMOVAL

6. This Notice of Removal is timely because it is filed within the 30-day window provided by 28 U.S.C. § 1446(b) for the removal of actions to the United States District Courts.

7. Pursuant to 28 U.S.C. § 1446(b), a defendant may remove an action "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." *Id.*

8. Section 1446(b)(2)(B) provides that "[e]ach defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal." *Id.* Additionally, "[i]f defendants are served at different times, and a later-served defendant files a notice

of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal." *Id.*

9. All Defendants who are necessary for removal and have been properly served join in this Notice of Removal, in accordance with 28 U.S.C 28 U.S.C. § 1446(b)(2)(A).

10. Furthermore, this Notice of Removal is timely because it is filed within one (1) year of the date the Complaint was originally filed. 28 U.S.C. § 1446(c)(1).

11. Plaintiff's First Amended Complaint was filed in the Circuit Court for St. Clair County on April 21, 2022. (Ex. 1, First Amended Complaint).

12. This Notice of Removal was filed on December 21, 2022.

13. Accordingly, the prerequisites for removal pursuant to 28 U.S.C. § 1332, 1441, and 1446 have been met.

### IV. DIVERSITY JURISDICTION

14. This action is properly removable to this Court because the parties are completely diverse and the amount in controversy exceeds $75,000.00, exclusive of interest or costs.

**A. The parties are diverse.**

15. For purposes of diversity jurisdiction, citizenship of the parties is determined as of the time the complaint is filed. *Harris v. Garner*, 216 F.3d 970, 983 (11th Cir. 2000) (quoting and citing *Freeport-McMoRan, Inc. v. KN Energy, Inc.*,

498 U.S. 426, 428 (1991); *Wichita R.R. & Light Co. v. Public Utilities Comm'n of Kansas*, 260 U.S. 48, 54 (1922)).

16. An individual, for diversity jurisdiction purposes, is a citizen of a State if he or she is a citizen of the United States and a domiciliary of that State. *Jones v. Law Firm of Hill & Ponton*, 141 F. Supp. 2d 1349, 1355 (M.D. Fla. 2001). Domicile is determined by two factors: residence and intent to remain. *Id.; Scoggins v. Pollock*, 727 F.2d 1025, 1026 (11th Cir. 1984).

17. A corporation, for diversity jurisdiction purposes, is deemed to be a citizen of both its state of incorporation and the state where it maintains its principal place of business. 28 U.S.C. § 1332(c)(1). A corporation's principal place of business is "the place where the corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). *See also Annon Consulting, Inc. v. Bionitrogen Holdings Corp.*, 650 Fed. Appx. 729, 731 (11th Cir. 2016). In practice, this should normally be where the corporation maintains its headquarters. *Id.*

18. The citizenship of a limited liability company is determined by the citizenship of each of its members. *Hilbrich v. Sandbox Grp.*, 2021 U.S. Dist. LEXIS 97477 at *8 (S.D. Fla. Mar. 5, 2021) (citing *PTA-FLA, Inc. v. ZTE USA, Inc.*, 844 F.3d 1299, 1305 (11th Cir. 2016)). Further, "[i]f a member of an LLC is itself an LLC, the citizenship of the LLC must be traced through however many layers of

partners or members there may be." *Id.* (citations and internal quotation marks omitted).

19. Plaintiff is a resident and citizen of Alabama. (Ex. 1, Plaintiff's First Amended Complaint).

20. On December 16, 2022, Plaintiff moved in state court to voluntarily dismiss Swift Transportation Co. of Arizona, LLC, and the court granted Plaintiff's motion. Thus, all claims against Swift have been dismissed.[2]

21. On December 19, 2022, Plaintiff and Dollar Tree mediated the workers' compensation claim and reached a settlement. (Ex. 3). The settlement is still being finalized. (Id.) Thus, Dollar Tree is being dismissed from this lawsuit as well.

22. For diversity purposes, Defendant Dollar Tree is a corporation incorporated and with its principal place of business in Virginia. Thus, Dollar Tree is a citizen of Virginia. (Ex. 1, First Amended Complaint ¶ 3).

23. Defendant Total is a limited liability company. Total's sole shareholder is Transportation Investments, Inc. Transportation Investments, Inc. is a corporation incorporated and with its principal place of business in Mississippi.[3] Thus, for

---

[2] For diversity purposes, Swift is a limited liability company, and its sole member is Swift Transportation Co., LLC. Swift Transportation Co., LLC's sole member is Knight-Swift Transportation Holdings, Inc. Knight-Swift is a corporation incorporated in Delaware with its principal place of business in Arizona. Thus, Swift is a citizen of Arizona or Delaware. (Ex. 1, First Amended Complaint ¶2).
[3] Total and Transportation Investments, Inc. are both wholly owned subsidiaries of U.S. Xpress Enterprises, Inc., which is a corporation incorporated in Nevada and with its principal place of business in Tennessee.

diversity purposes, Total is a citizen of Mississippi. (Ex. 1, First Amended Complaint ¶ 4; Ex. 5, Janzen Aff.).

24.  Plaintiff also sued fictitious defendants, however, for purposes of removal "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. 1441(b)(1).

**B. The amount in controversy is satisfied.**

25.  To be removable, there must be at least $75,000 in controversy, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a).

26.  Plaintiff's First Amended Complaint alleges that, as a result of tripping over crates left on the ground by a Swift and/or Total employee(s), and as a proximate result of Swift and/or Total's negligence and/or wantonness, "Plaintiff sustained significant injuries about his body). (Ex. 1, First Amended Complaint ¶ 6-8).

27.  Plaintiff alleges that his injuries were caused due to the negligent and/or wanton conduct of an employee(s) of Total.

28.  Plaintiff's First Amended Complaint further states that Plaintiff is entitled to punitive damages. Specifically, Plaintiff demands judgment against Total "in a sum in excess of jurisdictional limits of this court, to be determined by a jury, which will fairly and adequately compensate the Plaintiff for his injuries and damages sustained, together with interest from the date of injury, and the costs of

this proceeding." (Ex. 1, First Amended Complaint ¶ 24). Plaintiff also demands "punitive damages in an amount which will adequately reflect the enormity of the Defendant's willful, deliberate, reckless, and wanton conduct, and will effectively prevent other similar wrongful acts." (Id. at ¶ 26).

29. The actual amount in controversy is unclear because Plaintiff did not list a specific amount sought in his First Amended Complaint. However, the First Amended Complaint clearly seeks the recovery of punitive damages and claims Plaintiff has sustained significant injuries. (Ex. 1, First Amended Complaint).

30. Further, Plaintiff's medical bills received by Defendant for treatment after the subject incident made the basis of this suit total **$239,632.54**. (Ex. 4)

31. According to recent decisions in the Northern District of Alabama, Plaintiff's First Amended Complaint, which asserts claims of negligence and wantonness and alleges physical and economic damages, on its face establishes the requisite amount in controversy. *See Bush v. Winn Dixie Montgomery, LLC*, 132 F.Supp.3d 1317, 1318-1322 (N.D. Ala., 2015) (granting plaintiff's motion to remand, holding that the defendant failed to timely remove within thirty (30) days of receipt of plaintiff's summons and complaint where complaint contained a wantonness claim and alleged significant personal injuries, though it did not contain a quantified amount of damages being sought); *Green v. Wal-Mart Stores East, L.P.*, 2014 U.S. Dist. LEXIS 166805, *2 (N.D. Ala. Dec. 2, 2014) ("In her complaint,

[plaintiff] alleges both that the defendant's negligence caused her to suffer mental anguish and that its wantonness entitled her to punitive damages. … Plaintiff conspicuously makes no formal or express disclaimer to damages in excess of $74,999. Therefore, under up-to-date Eleventh Circuit jurisprudence it is apparent that the amount in controversy in this case exceeds the sum of $75,000."); *Smith v. State Farm & Casualty Co.*, 868 F. Supp. 2d 1333, 1334 (N.D. Ala. 2012) (holding that plaintiffs "who want to pursue claims against diverse parties in state court seeking unspecified damages of various kinds, such as punitive damages and emotional distress, must in their complaint formally and expressly disclaim any entitlement to more than $74,999.99, and categorically state that the plaintiff will never accept more. Otherwise, a plaintiff will find herself in a federal court…").

32.  In *Bush*, *supra*, this Court granted the plaintiff's motion to remand, holding that the defendant failed to timely file its removal notice within thirty (30) days of receipt of plaintiff's summons and complaint. *See Bush*, 132 F.Supp.3d at 1321-1322. Despite the fact the Complaint contained no *ad damnum* clause and failed to specify the alleged body parts that were injured as a result of the complained of incident, the Court noted that "the Eleventh Circuit…has finally acknowledged the self-evident, namely, that a plaintiff like Bush, who claims to have sustained a very substantial personal injury at the hands of a defendant and who charges that defendant with wantonness and who seeks to recover for pain, suffering, and mental

anguish, and seeks punitive damages, is realistically hoping to recover more than $75,000." *Id*. at 1318. In *Bush*, Judge Acker further opined, "This new opening of the federal courts of Alabama to non-resident defendants has taken away the artificial and unfair obstacle to removal erected by Alabama plaintiffs, namely, the expedient of leaving out an ad damnum clause." *Id*. at 1318-1319. "This court has since 2010 reversed course and held that a plaintiff like Bush who wants to stay in her chosen forum must formally acknowledge a $74,999.99 limitation on any recovery." *Id*. at 1319 (citing *Smith*, 868 F.Supp.2d 1333 (N.D. Ala. 2012)).

33. Here, Defendant Total denies liability to Plaintiff in any amount, but does not dispute that the amount in controversy exceeds $75,000.00.

34. Based upon the above-cited authorities, it is facially apparent from Plaintiff's First Amended Complaint, combined with the known medical bills totaling **$239,632.54**, that the amount in controversy exceeds the jurisdictional requirement and removal is proper under 28 U.S.C. § 1332 and § 1446. *See Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058 (11th Cir. 2010).

## V. CONCLUSION

35. Total has properly and timely removed the case based on complete diversity between all remaining, served, non-settled parties and the amount in controversy is satisfied. Without waiver of any defenses or objections including, but

not limited to, improper process, improper service of process, improper venue, and lack of personal jurisdiction, Defendant Total submits this Notice of Removal.

36. Currently, Total is the only defendant who has both been served and has remaining claims against it—thus, no other defendant must consent to this removal. Defendant Swift has been voluntarily dismissed from this case (Ex. 1, Doc. 103, Order). The claim against Defendant Dollar Tree has been settled and settlement documents are being finalized. (Ex. 3). However, before mediation and settlement, Dollar Tree consented to removal and evidence of consent is included with this notice. (Ex. 6).

37. Pursuant to 28 U.S.C. § 1446(d), Defendant Total filed notice of the original removal petition with the Clerk of the Circuit Court of St. Clair County, Alabama. Further, Defendant represents to this Court that a copy of this Notice of Removal is also being served upon counsel for Plaintiff by CM/ECF.

    Respectfully submitted,

    /s/ *Sara Elizabeth DeLisle*
    Thomas L. Oliver, II (ASB-3153-r53t)
    Sara Elizabeth DeLisle (ASB-8051-s81d)
    Cameron Tipton (ASB-5728-s19p)
    Attorneys for Defendant, Total Transportation of Mississippi, LLC

**OF COUNSEL:**

**CARR ALLISON**
100 Vestavia Parkway
Birmingham, Alabama 35216
Telephone: (205) 822-2006
Facsimile: (205) 822-2057
E-mail: toliver@carrallison.com
sbdelisle@carrallison.com
ctipton@carrallison.com

## CERTIFICATE OF SERVICE

I hereby certify that on December 21, 2022, I have served a copy of the above and foregoing on counsel for all parties by:

    \_\_\_\_\_ Facsimile transmission;
    \_\_\_\_\_ Hand Delivery;
    \_\_\_\_\_ Electronic Mail;
    \_\_\_\_\_ Placing a copy of same in the United States Mail, properly addressed and first-class postage prepaid to; and/or
    __X__ Using the Alafile or CM/ECF system which will send notifications of such to the following:

William H. Hassinger
W. Channing Bradshaw
Wettermark & Keith, LLC
100 Grandview Place, Suite 530
Birmingham, AL 35243
Telephone: 205-933-9500
Email: whassinger@wkfirm.com
      cbrashaw@wkfirm.com
*Attorneys for Plaintiff*

Herbert Byron Carter, III, Esq.
Rabalais Unland
5608 I-55 South
Post Office Box 720636
Jackson, MS 39272
Telephone: 601-502-9101
Facsimile: 601-502-9199
Email:  hbcarter@rullaw.com
hbcarter@carterlawfirm.biz
*Attorney for Dollar Tree Stores, Inc.*

      /s/ *Sara Elizabeth DeLisle*
    OF COUNSEL

{DOC# 00840053}    13