FILED
2022 Dec-22 AM 10:11
U.S. DISTRICT COURT
N.D. OF ALABAMA



# Exhibit 1A

Copies of all pleadings, as well as copies of all process and
other papers on file in the record of the state court action

ELECTRONICALLY FILED
4/21/2022 2:43 PM
75-CV-2022-900071.00
CIRCUIT COURT OF
ST. CLAIR COUNTY, ALABAMA
KATHRYN BURKE, CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93  Rev. 9/18 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number:<br>75<br><br>Date of Filing:<br>04/21/2022 | Judge Code: |

## GENERAL INFORMATION

**IN THE CIRCUIT COURT OF ST. CLAIR COUNTY, ALABAMA**
**ALDO STASSI v. DOLLAR TREE STORES, INC. ET AL**

**First Plaintiff:** ☐ Business  ☑ Individual  ☐ Government  ☐ Other

**First Defendant:** ☑ Business  ☐ Individual  ☐ Government  ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other:_____

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Property

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/<br>Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/<br>Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ EPFA - Elder Protection From Abuse
- ☐ QTLB - Quiet Title Land Bank
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☑ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:**  F ☑ INITIAL FILING   A ☐ APPEAL FROM DISTRICT COURT   O ☐ OTHER

R ☐ REMANDED   T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?** ☐ YES ☑ NO    Note: Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:** ☑ MONETARY AWARD REQUESTED ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**
HAS018

4/21/2022 2:43:27 PM
Date

/s/ William H. Hassinger
Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:** ☐ YES ☐ NO ☑ UNDECIDED

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:** ☐ YES ☑ NO

DocuSign Envelope ID: 2AE9B28D-79C4-465D-8D03-0C1AC392444B

ELECTRONICALLY FILED
4/21/2022 2:43 PM
75-CV-2022-900071.00
CIRCUIT COURT OF
ST. CLAIR COUNTY, ALABAMA
KATHRYN BURKE, CLERK

## IN THE CIRCUIT COURT OF ST. CLAIR COUNTY

| | |
|---|---|
| ALDO STASSI, an individual; | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
| vs. | )     CIVIL ACTION NO: _____ |
| | ) |
| SWIFT TRANSPORATION CO. OF | ) |
| ARIZONA, LLC, an foreign limited | ) |
| liability company; and DOLLAR TREE | ) |
| STORES, INC., a foreign corporation; | ) |
| and A through Z being that person, firm | ) |
| or corporation that owned, leased, | ) |
| otherwise controlled the vehicle being | ) |
| driven by Defendant SWIFT | ) |
| TRANSPORATION CO. OF | ) |
| ARIZONA, LLC and negligently and/or | ) |
| wantonly entrusted said vehicle to | ) |
| Defendant, SWIFT TRANSPORATION | ) |
| CO. OF ARIZONA, LLC at the time of | ) |
| the collision which is the subject of this | ) |
| lawsuit and acted negligently and/or | ) |
| wantonly, and/or whether singular or | ) |
| plural, that entity or those entities who | ) |
| was the employer of the Plaintiff on the | ) |
| occasion made the basis of this lawsuit. | ) |
| Plaintiff avers that the identity of the | ) |
| Fictitious Party Defendants is otherwise | ) |
| unknown to the Plaintiff at this time or if | ) |
| their names are known, their identity as | ) |
| proper party defendants is not known to | ) |
| the Plaintiff at this time, but their true | ) |
| names will be substituted by amendment | ) |
| when the aforesaid lacking knowledge is | ) |
| ascertained, | ) |
| | |
|     Defendants. | |

## COMPLAINT

COMES NOW Plaintiff, Aldo Stassi, and for his Complaint against the Defendants states

the following:

## I. PARTIES, JURISDICTION, AND VENUE

1.     Plaintiff, Aldo Stassi (hereinafter referred to as "Plaintiff"), is and was a resident citizen of

    Alabama at all times referred to herein.

DocuSign Envelope ID: 2AE9B28D-79C4-465D-8D03-0C1AC392444B

2.     Based upon information and belief, Defendant, Swift Transportation Co. of Arizona, LLC, (hereinafter referred to as "Defendant Swift"), is and was a foreign limited liability company that does business by agent in St. Clair County, Alabama.

3.     Defendant, Dollar Tree Stores, Inc. (hereinafter referred to as "Defendant Dollar Store") is a foreign corporation that does business by agent in St. Clair County, Alabama.

4.     The events and circumstances forming the basis of this lawsuit occurred in St. Clair County, Alabama, and the Plaintiff is seeking compensation well in excess of the jurisdictional minimums of this Court.

## II.  FACTS

5.     On December 23, 2020, Plaintiff was working in the line and scope of his employment with Defendant Dollar Store and employed as a store manager.

6.     Plaintiff was assisting in the unloading of Defendant Swift's delivery truck when he was caused to trip over crates left on the ground by Defendant Swift. Employees and/or agents of Defendant Swift had used plastic crates to prop up its roller ramp and failed to keep them free from the walkway.

7.     As a proximate consequence of the Defendant Swift's actions, Plaintiff sustained significant injuries about his body.

## III.  FIRST CAUSE OF ACTION

## (NEGLIGENCE OF SWIFT TRANSPORATION CO. OF ARIZONA, LLC)

8.     Plaintiff avers that Defendant Swift had a duty to conduct its unloading process in a reasonably safe manner.

9.     Plaintiff further avers that Defendant Swift and/or their agents, servants, or employees while acting within the lint and scope of their employment for Defendants:

     a.  Failed to keep the plastic crates free from the walkways;

DocuSign Envelope ID: 2AE9B28D-79C4-465D-8D03-0C1AC392444B

    b.  Failed to conduct the unloading of their delivery truck in a reasonable safe manner;

    c.  Otherwise failed to exercise the degree of care required under the circumstances; and

    d.  Otherwise were negligent.

10.    Plaintiff further avers that Defendant Swift acted negligently in causing the fall in question and, as a proximate consequence of said negligence, Plaintiff has been injured and damaged and permanently injured and permanently damaged.

## IV. SECOND CAUSE OF ACTION

## (WANTONNESS OF SWIFT TRANSPORATION CO. OF ARIZONA, LLC)

11.    Plaintiffs further aver that Defendant Swift was guilty of wanton misconduct in causing the fall in question. Plaintiffs further aver that as a proximate consequence of said wanton misconduct on the part of Defendant Swift, Plaintiffs have been injured and damaged and permanently injured and permanently damaged.

## V.THIRD CAUSE OF ACTION

## (WORKERS' COMPENSATION BENEFITS OF DOLLAR TREE STORES, INC.)

12.    Plaintiff, at all material times to the allegations of this complaint, was an employee Defendant Dollar Store acting within the scope of his employment.

13.    At the time of said accidents, Plaintiff had an average weekly wage to be determined through the course of discovery.

14.    Defendant Dollar Store had timely and/or actual notice of said accidents and/or occupational disease within the time specified by the Workers' Compensation Act of the State of Alabama.

DocuSign Envelope ID: 2AE9B28D-79C4-465D-8D03-0C1AC392444B

15.   As a proximate result of said accidents, Plaintiff suffered a temporary total disability to the body as a whole.

16.   Subsequent to said accidents, Plaintiff has been caused to obtain medical treatment for his injuries.

17.   Defendant Dollar Store has paid some, but not all, of the benefits to which this Plaintiff is entitled, including, but not limited to, benefits for medical treatment, benefits for temporary total disability or any other disability benefits to which Plaintiff is entitled.

## VI. FOURTH CAUSE OF ACTION

## (NEGLIGENCE/WANTONNESS OF FICTITIOUS PARTIES A THROUGH Z)

18.   Plaintiff avers that fictitious defendant(s) A through Z, leased, or otherwise controlled the crates being used by Defendant Swift on December 23, 2020, Plaintiff further aver that fictitious defendant(s) A through Z negligently and/or wantonly entrusted the crates to Defendant Swift on the date of the fall which is the subject of this lawsuit when fictitious defendant(s) A through Z knew, or in the exercise of reasonable care should have known, that Defendant Swift was incompetent to control the crates in a safe and efficient manner. Furthermore, the Plaintiff avers that fictitious defendant(s) A through Z negligently and/or wantonly failed to train Defendant Swift, negligently and/or wantonly failed to supervise Defendant Swift, and/or were otherwise negligent and/or wanton. Plaintiffs further aver that as a proximate consequence of such negligence by fictitious defendant(s) A through Z, Plaintiff have been caused to be injured and damaged and permanently injured and permanently damaged.

## IX. DAMAGES

19.   WHEREFORE, PREMISES CONSIDERED, the Plaintiff respectfully demands judgment against Defendant Swift including the fictitious party Defendants, in a sum in excess of jurisdictional limits of this court, to be determined by a jury, which will fairly and

adequately compensate the Plaintiff for his injuries and damages sustained, together with interest from the date of injury, and the costs of this proceeding.

20.     Plaintiff demands judgment against Defendant Dollar Store for the benefits to which Plaintiff is entitled under the Workers' Compensation Law of the State of Alabama.

21.     Further, the Plaintiffs request that the Honorable Court render a verdict for the Plaintiff against Defendant Swift including the fictitious parties, and that it award punitive damages in an amount which will adequately reflect the enormity of the Defendant's willful, deliberate, reckless, and wanton conduct, and will effectively prevent other similar wrongful acts.

Respectfully submitted,

**/s/ William H. Hassinger**
William H. Hassinger (HAS018)
W. Channing Brashaw (BRA170)
*Attorneys for Plaintiff*

**OF COUNSEL:**
WETTERMARK & KEITH LLC
100 Grandview Place, Suite 530
Birmingham, AL 35243
Telephone: (205) 933-9500
Facsimile: (205)977-3431
Email: cbrashaw@wkifirm.com

**DEFENDANT TO BE SERVED BY CERTIFIED MAIL AT:**

Dollar Tree Stores, Inc.
c/o Corporation Service Company, Inc.
641 South Lawrence Street
Montgomery, AL 36104

Swift Transportation Co. of Arizona, LLC
c/o National Registered Agents, Inc.
2 North Jackson Street
Suite 605
Montgomery, AL 36104

DocuSign Envelope ID: 2AE9B28D-79C4-465D-8D03-0C1AC392444B

### IN THE CIRCUIT COURT OF ST. CLAIR COUNTY, ALABAMA

| | |
|---|---|
| **ALDO STASSI, an individual;** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| **vs.** ) | **CIVIL ACTION NO:** _____ |
| ) | |
| **SWIFT TRANSPORATION CO. OF** ) | |
| **ARIZONA, LLC, an individual; and** ) | |
| **DOLLAR TREE STORES, INC., a** ) | |
| **domestic non-profit; and A through Z** ) | |
| **being that person, firm or corporation** ) | |
| **that owned, leased, otherwise controlled** ) | |
| **the vehicle being driven by Defendant** ) | |
| **SWIFT TRANSPORATION CO. OF** ) | |
| **ARIZONA, LLC and negligently and/or** ) | |
| **wantonly entrusted said vehicle to** ) | |
| **Defendant, SWIFT TRANSPORATION** ) | |
| **CO. OF ARIZONA, LLC at the time of** ) | |
| **the collision which is the subject of this** ) | |
| **lawsuit and acted negligently and/or** ) | |
| **wantonly, and/or whether singular or** ) | |
| **plural, that entity or those entities who** ) | |
| **was the employer of the Plaintiff on the** ) | |
| **occasion made the basis of this lawsuit.** ) | |
| **Plaintiff avers that the identity of the** ) | |
| **Fictitious Party Defendants is otherwise** ) | |
| **unknown to the Plaintiff at this time or if** ) | |
| **their names are known, their identity as** ) | |
| **proper party defendants is not known to** ) | |
| **the Plaintiff at this time, but their true** ) | |
| **names will be substituted by amendment** ) | |
| **when the aforesaid lacking knowledge is** ) | |
| **ascertained,** ) | |

**Defendants.**

### PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT SWIFT

COMES NOW the Plaintiffs, in the above styled cause, pursuant to the Alabama Rules of

Civil Procedure and propound the following Interrogatories as follows:

1.    State the full name, date of birth, social security number, driver's license number,

type of driver's license, state of issuance, and date of driver's license issuance of the driver

delivering freight on the date of Plaintiff's injury to Defendant Dollar Tree's premises.

DocuSign Envelope ID: 2AE9B28D-79C4-465D-8D03-0C1AC392444B

**ANSWER**:

2.     Please state in specific detail how the incident complained of occurred.

**ANSWER**:

3.     State the name and present address of all persons known to you, your agents or attorney who witnessed the accident which is the subject matter of this litigation, and state whether you, your agents, or attorney have obtained a statement from any of them.

**ANSWER**:

4.     State the name, address, and telephone number of all persons known to you that possess knowledge regarding any facts or circumstances surrounding this lawsuit.

**ANSWER**:

5.     Please describe in specific detail the policy for Swift employees regarding unloading delivery trucks.

**ANSWER**:

6.     Please describe in specific detail the policy for Swift employees regarding the use of roller ramps during the unloading process.

**ANSWER**:

7.     State the names, addresses, and telephone numbers of all witnesses you intend to call at the trial of this case.

**ANSWER**:

8.     Other than your attorneys, state the names, addresses, and job titles of all persons that you have provided information to regarding the circumstances and events forming the basis of this lawsuit.

**ANSWER**:

9.     Identify each person whom you expect to call as an expert witness at the trial of this case and, as to each, describe:

DocuSign Envelope ID: 2AE9B28D-79C4-465D-8D03-0C1AC392444B

(a)    Qualifications as an expert;

(b)    Subject matter upon which said expert is expected to testify;

(c)    Give a summary of the grounds for each opinion;

(d)    Identify all documents which have been provided to the expert witness; and

(e)    Identify all documents prepared by the expert witness which relates to the subject matter of this lawsuit.

**ANSWER**:

10.    State the names, addresses, and telephone numbers of all persons who have given either written or oral statements to you or to any of your agents or lawyers.

**ANSWER**:

11.    Identify by name and policy number all insurance companies and policies that may be applicable to the events forming the basis of this lawsuit.

**ANSWER:**

12.    Please state how the crates were used to unload your freight and who was responsible for their setup and breakdown.

**ANSWER:**

13.    Describe the events leading up to the injury, starting with the delivery driver's activities from the time the delivery driver arrived to Defendant Dollar Tree's premise, prior to the injury, up to the injury itself.

**ANSWER:**

Respectfully submitted,

**/s/ William H. Hassinger**
William H. Hassinger (HAS018)
W. Channing Brashaw (BRA170)
*Attorneys for Plaintiff*

**OF COUNSEL:**
WETTERMARK & KEITH LLC
100 Grandview Place, Suite 530
Birmingham, AL 35243

DocuSign Envelope ID: 2AE9B28D-79C4-465D-8D03-0C1AC392444B

Telephone: (205) 933-9500
Facsimile: (205)977-3431
Email: cbrashaw@wkifirm.com

## SERVE WITH SUMMONS & COMPLAINT

DocuSign Envelope ID: 2AE9B28D-79C4-465D-8D03-0C1AC392444B

## IN THE CIRCUIT COURT OF ST. CLAIR COUNTY, ALABAMA

ALDO STASSI, an individual;           )
     Plaintiff,                        )
                                  )
                                  )
vs.                                   )
                                  )   **CIVIL ACTION NO:** _____
SWIFT TRANSPORATION CO. OF           )
ARIZONA, LLC, an individual; and      )
DOLLAR TREE STORES, INC., a           )
domestic non-profit; and A through Z  )
being that person, firm or corporation )
that owned, leased, or otherwise      )
controlled the vehicle being driven by )
Defendant SWIFT TRANSPORATION         )
CO. OF ARIZONA, LLC and               )
negligently and/or wantonly entrusted )
said vehicle to Defendant, SWIFT      )
TRANSPORATION CO. OF                  )
ARIZONA, LLC at the time of the       )
collision which is the subject of this )
lawsuit and acted negligently and/or  )
wantonly, whose true names and legal  )
status are otherwise unknown to the   )
Plaintiff, but who will be substituted by )
amendment when ascertained by         )
Plaintiff,                            )

       Defendants.

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT SWIFT

       COMES NOW the Plaintiffs, in the above styled cause, pursuant to the Alabama Rules of Civil Procedure and propound the following Request for Production of Documents to Defendant as follows:

       1.    Produce a front and back copy of the current driver's license for the Swift employees present at Defendant Dollar Tree's premise on the date of the injury and a copy of the driver's license of Defendant Swift's employees present at Defendant Dollar Tree's premise that was in existence at the time of this incident.

       **RESPONSE**:

DocuSign Envelope ID: 2AE9B28D-79C4-465D-8D03-0C1AC392444B

2.      Produce a copy of all incident reports, including but not limited to employment and governmental/police incident reports, that you possess concerning this incident.

**RESPONSE**:

3.      Produce a color copy of all photographs, drawings, and/or diagrams of the scene of the incident.

**RESPONSE**:

4.      Produce a color copy of all photographs, drawings, and/or diagrams of the equipment and/or vehicles involved in the events forming the basis of this lawsuit.

**RESPONSE**:

5.      Produce a copy of any and all insurance agreements under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action against you or to indemnify or reimburse for payments made to satisfy the judgment that may be entered against you. This includes any umbrella and/or excess policies.

**RESPONSE**:

6.      All documents, photographs, and/or records that support the Defendant's contention that Plaintiff was negligent or that the actions of some third party contributed to causing the incident.

**RESPONSE**:

7.      All documents or physical things that the Defendant may introduce as exhibits or use in any manner at the trial of this case.

**RESPONSE**:

8.      Produce copies of any and all statements given by Defendant and/or Plaintiff to any representative of Defendant's insurance company or any other person or party pertaining to this incident that forms the basis of this lawsuit.

**RESPONSE**:

DocuSign Envelope ID: 2AE9B28D-79C4-465D-8D03-0C1AC392444B

9.      Please provide a copy of an employee manual and/or any other document that reflects Defendant Swift's unloading procedures.

**RESPONSE:**

10.     Please provide any and all documents regarding Defendant Swift's safety training, unloading training, and/or delivery training in effect on the date of the incident.

**RESPONSE:**

11.     Please produce any contracts and/or other agreements between Defendant Swift and Defendant Dollar Store in effect at the time of Plaintiff's injury.

**ANSWER:**

Respectfully submitted,

**/s/ William H. Hassinger**
William H. Hassinger (HAS018)
W. Channing Brashaw (BRA170)
*Attorneys for Plaintiff*

**OF COUNSEL:**
WETTERMARK & KEITH LLC
100 Grandview Place, Suite 530
Birmingham, AL 35243
Telephone: (205) 933-9500
Facsimile: (205)977-3431
Email: cbrashaw@wkifirm.com

**SERVE WITH SUMMONS & COMPLAINT**

DocuSign Envelope ID: 2AE9B28D-79C4-465D-8D03-0C1AC392444B

IN THE CIRCUIT COURT OF ST. CLAIR COUNTY, ALABAMA

| | |
|---|---|
| ALDO STASSI, an individual; )<br><br>    Plaintiffs, )<br><br>vs. )<br><br>SWIFT TRANSPORATION CO. OF )<br>ARIZONA, LLC, an individual; and )<br>DOLLAR TREE STORES, INC., a )<br>domestic non-profit; and A through Z )<br>being that person, firm or corporation )<br>that owned, leased, otherwise controlled )<br>the vehicle being driven by Defendant )<br>SWIFT TRANSPORATION CO. OF )<br>ARIZONA, LLC and negligently and/or )<br>wantonly entrusted said vehicle to )<br>Defendant, SWIFT TRANSPORATION )<br>CO. OF ARIZONA, LLC at the time of )<br>the collision which is the subject of this )<br>lawsuit and acted negligently and/or )<br>wantonly, and/or whether singular or )<br>plural, that entity or those entities who )<br>was the employer of the Plaintiff on the )<br>occasion made the basis of this lawsuit. )<br>Plaintiff avers that the identity of the )<br>Fictitious Party Defendants is otherwise )<br>unknown to the Plaintiff at this time or if )<br>their names are known, their identity as )<br>proper party defendants is not known to )<br>the Plaintiff at this time, but their true )<br>names will be substituted by amendment )<br>when the aforesaid lacking knowledge is )<br>ascertained, )<br><br>    Defendants. | CIVIL ACTION NO: _____ |

## PETITION

COMES NOW the Plaintiff, ALDO STASSI, and petitions this Honorable Court to

permit William H. Hassinger, Attorney, of Jefferson County, Alabama, to represent his in said

cause as his attorney, and to appoint said attorney to represent his in said cause.

This the 21 day of April, 2022.

DocuSigned by:

*[signature]*

00071E8AG37848A...

ALDO STASSI

DocuSign Envelope ID: 2AE9B28D-79C4-465D-8D03-0C1AC392444B

DocuSigned by:

_____
ALDO STASSI


## AFFIDAVIT OF ALDO STASSI


**STATE OF ALABAMA** )

**COUNTY OF ST. CLAIR** )

Before me the undersigned Notary Public, in and for said County and State, personally appeared, ALDO STASSI, whose name is signed to the foregoing, who is known to me, and who, being the person duly sworn, doth depose and say that he has read, or had read to his, the foregoing Complaint against his employer for Workers' Compensation benefits and other relief, and that the statements made here are true and correct to the best of his knowledge, information and belief.

Given under my hand and official seal this 21st day of April, 2022.

_____
Notary Public

My commission expires: 05/07/2022

*/s/ William H. Hassinger*
**William H. Hassinger (HAS018) - Attorney for Plaintiff**
**Wettermark & Keith, LLC**
**100 Grandview Place**
**Suite 530**
**Birmingham, AL 35243**
**whassinger@wkfirm.com**

DocuSign Envelope ID: 2AE9B28D-79C4-465D-8D03-0C1AC392444B

## IN THE CIRCUIT COURT OF ST. CLAIR COUNTY, ALABAMA

| | |
|---|---|
| ALDO STASSI, an individual; | ) |
| | ) |
|     **Plaintiffs,** | ) |
| **vs.** | ) |
| | )    **CIVIL ACTION NO:** _____ |
| SWIFT TRANSPORATION CO. OF | ) |
| ARIZONA, LLC, an individual; and | ) |
| DOLLAR TREE STORES, INC., a | ) |
| domestic non-profit; and A through Z | ) |
| being that person, firm or corporation | ) |
| that owned, leased, otherwise controlled | ) |
| the vehicle being driven by Defendant | ) |
| SWIFT TRANSPORATION CO. OF | ) |
| ARIZONA, LLC and negligently and/or | ) |
| wantonly entrusted said vehicle to | ) |
| Defendant, SWIFT TRANSPORATION | ) |
| CO. OF ARIZONA, LLC at the time of | ) |
| the collision which is the subject of this | ) |
| lawsuit and acted negligently and/or | ) |
| wantonly, and/or whether singular or | ) |
| plural, that entity or those entities who | ) |
| was the employer of the Plaintiff on the | ) |
| occasion made the basis of this lawsuit. | ) |
| Plaintiff avers that the identity of the | ) |
| Fictitious Party Defendants is otherwise | ) |
| unknown to the Plaintiff at this time or if | ) |
| their names are known, their identity as | ) |
| proper party defendants is not known to | ) |
| the Plaintiff at this time, but their true | ) |
| names will be substituted by amendment | ) |
| when the aforesaid lacking knowledge is | ) |
| ascertained, | ) |
| | ) |
|     **Defendants.** | |

## O R D E R

Plaintiff is hereby authorized to employ WETTERMARK & KEITH as counsel to

represent his in the cause in question.  Compensation of said attorneys will be fixed later under

the terms and provisions of the Workers' Compensation Act of Alabama.

    **DONE** and **ORDERED** this the _____ day of _____, 2022.


                                                _____
                                              CIRCUIT COURT JUDGE

DocuSign Envelope ID: 2AE9B28D-79C4-465D-8D03-0C1AC392444B

## IN THE CIRCUIT COURT OF ST. CLAIR COUNTY, ALABAMA

| | |
|---|---|
| ALDO STASSI, an individual;<br><br>    **Plaintiffs,**<br>**vs.**<br><br>**SWIFT TRANSPORATION CO. OF ARIZONA, LLC, an individual; and DOLLAR TREE STORES, INC., a domestic non-profit; and A through Z being that person, firm or corporation that owned, leased, otherwise controlled the vehicle being driven by Defendant SWIFT TRANSPORATION CO. OF ARIZONA, LLC and negligently and/or wantonly entrusted said vehicle to Defendant, SWIFT TRANSPORATION CO. OF ARIZONA, LLC at the time of the collision which is the subject of this lawsuit and acted negligently and/or wantonly, and/or whether singular or plural, that entity or those entities who was the employer of the Plaintiff on the occasion made the basis of this lawsuit. Plaintiff avers that the identity of the Fictitious Party Defendants is otherwise unknown to the Plaintiff at this time or if their names are known, their identity as proper party defendants is not known to the Plaintiff at this time, but their true names will be substituted by amendment when the aforesaid lacking knowledge is ascertained,**<br><br>    **Defendants.** | )<br>)<br>)<br>)<br>)   **CIVIL ACTION NO: _____**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## FIRST REQUEST FOR ADMISSION OF FACTS TO DEFENDANT DOLLAR STORE

Plaintiff requests Defendant, Dollar Tree Stores, Inc.., to admit the truth of the following facts or deny such **with the appropriate reason for denial,** in accordance with Rule 36 of the Alabama Rules of Civil Procedure:

1.    That the Plaintiff was an employee of the Defendant Dollar Store, as defined in Section 25-5-1(5) of the <u>Code of Alabama, 1975</u>, on the date of the occurrence(s) made the basis of the Plaintiff's Complaint.

2.    That the Defendant Dollar Store was the employer of the Plaintiff, as defined in Section 25-5-1(4) of the <u>Code of Alabama, 1975</u>, on the date of the occurrence(s) made the basis of the Plaintiff's Complaint.

DocuSign Envelope ID: 2AE9B28D-79C4-465D-8D03-0C1AC392444B

3.      That at the time of the accident(s) as contemplated by the Workers' Compensation Act described in Plaintiff's Complaint, Plaintiff was acting in the course of his employment and said accident(s) arose out of and occurred in the course of Plaintiff's employment.

4.      That on the date of the occurrence(s) made the basis of Plaintiff's Complaint, Plaintiff received personal injuries as a result of an accident(s) which arose out of and in the course of Plaintiff's employment.

5.      That the Defendant Dollar Store had actual knowledge of the accident(s) made the basis of Plaintiff's Complaint within five (5) days after the occurrence of said accidents.

6.      That the Plaintiff suffered injuries to his body as a proximate result of an accident(s)/occupational disease(s) which arose out of and which occurred in the course of his employment with the Defendant Dollar Store.

7.      That the injuries to the Plaintiff, made the basis of Plaintiff's Complaint, were not caused by the willful misconduct of the Plaintiff nor due to any misconduct on his part as defined in Section 25-5-51 of the Code of Alabama, 1975.

/s/ William H. Hassinger
William H. Hassinger (HAS018)
Attorney for Plaintiff

**OF COUNSEL:**
**Wettermark & Keith**
William H. Hassinger
100 Grandview Place, Suite 530
Birmingham, AL 35243
whassinger@wkfirm.com

## IN THE CIRCUIT COURT OF ST. CLAIR COUNTY, ALABAMA

| | |
|---|---|
| ALDO STASSI, an individual; | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | )     CIVIL ACTION NO: _____ |
| SWIFT TRANSPORATION CO. OF | ) |
| ARIZONA, LLC, an individual; and | ) |
| DOLLAR TREE STORES, INC., a | ) |
| domestic non-profit; and A through Z | ) |
| being that person, firm or corporation | ) |
| that owned, leased, otherwise controlled | ) |
| the vehicle being driven by Defendant | ) |
| SWIFT TRANSPORATION CO. OF | ) |
| ARIZONA, LLC and negligently and/or | ) |
| wantonly entrusted said vehicle to | ) |
| Defendant, SWIFT TRANSPORATION | ) |
| CO. OF ARIZONA, LLC at the time of | ) |
| the collision which is the subject of this | ) |
| lawsuit and acted negligently and/or | ) |
| wantonly, and/or whether singular or | ) |
| plural, that entity or those entities who | ) |
| was the employer of the Plaintiff on the | ) |
| occasion made the basis of this lawsuit. | ) |
| Plaintiff avers that the identity of the | ) |
| Fictitious Party Defendants is otherwise | ) |
| unknown to the Plaintiff at this time or if | ) |
| their names are known, their identity as | ) |
| proper party defendants is not known to | ) |
| the Plaintiff at this time, but their true | ) |
| names will be substituted by amendment | ) |
| when the aforesaid lacking knowledge is | ) |
| ascertained, | ) |
| | ) |
|     Defendants. | ) |

## PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT DOLLAR STORE

Plaintiff requests that Defendant, Dollar Store answer the following Interrogatories, separately and severally, in writing and under oath, and produce all requested documents within forty-five (45) days pursuant to Rules 33 and 34 of the Alabama Rules of Civil Procedure.

In answering these Interrogatories, you are required to furnish all factual information available to you including information in the possession of your attorneys and any person acting on your behalf. You must supplement your responses if requested information comes into your possession after execution of your answers pursuant to Rule 26(e) of the Alabama Rules of Civil Procedure.

DocuSign Envelope ID: 2AE9B28D-79C4-465D-8D03-0C1AC392444B

If after diligent inquiry, you are unable to answer an Interrogatory completely, indicate which records were reviewed by you in the course of your search.

## DEFINITIONS

In connection with theses Interrogatories, the following definitions shall apply unless otherwise indicated:

**"Address"** – the term "address" refers to the street number, street, post office box, city, state and zip code of the subject person, business or other entity.

**"Document"** – the term "document" herein referred included, but is not limited to, all instruments in writing, in printed for, typewritten form, longhand notations or writings, tape recordings, photographs, videotape records, manuals, training manuals, training guides, duty manuals, general order manuals, procedure manuals, personnel manuals, rules and regulations, transcripts of recorded conversations, transcripts of oral statements, interoffice, intraoffice, interdepartmental or intradepartmental memoranda, notations to file, personal notes and records, and all records, logs, documents, books, writings and physical things of every description and kind which are germane and material to the area of inquiry.

**"Identify"**, **"Identity,"** or **"Identification"** – when used with reference to a person, the terms "identify," "identity," or "identification" include the full name, title or official capacity, Social Security number or the identifying number, telephone number, and present or last address of said person. When used with reference to a document, the terms "identify," "identity," or "identification" include its date, title, author and signer and their address, type of document, and other means of identifying it, its present or last known location, and its custodian and his address. If any document was, but is no longer in your possession, custody or control, state when disposition was made of it and the reason for its disposition.

**"You"** or **"Your"** – the terms "you" or "your" include the named Defendant and the individual(s) preparing answers to these Interrogatories on behalf of the named Defendant as well as any person acting on behalf of the named Defendant.

## INTERROGATORIES

1.     State the name, address, job title and duties of each person answering, or who supplied information upon which the answers to these Interrogatories are based.

2.     Did you have a policy of Workers' Compensation Insurance in effect covering Plaintiff on the dates of accidents? If so, identify any report transmitted from you to your insurance company regarding Plaintiff, including the "Employer's First Report of Injury."

3.     Did you have a policy of general liability insurance in effect covering Plaintiff on the date of the accidents? If so, identify (a) the company issuing said policy, (b) the effective date of said policy, and (c) and report transmitted from you to your insurance company regarding the Plaintiff, including the "Employer's First Report of Injury."

4.     State:

(a)     Plaintiff's job assignment on the dates of the accidents.

DocuSign Envelope ID: 2AE9B28D-79C4-465D-8D03-0C1AC392444B

    (b)    The name and address of Plaintiff's immediate supervisor on those dates.

5.    Based on your records, state:

    (a)    Plaintiff's gross earnings for the fifty-two (52) weeks prior to the dates cited in the complaint. If employed less than fifty-two (52) weeks, provide total amount.
    (b)    His hourly rate of pay on his last workday.

6.    Specify the "average weekly earnings" that you contend Plaintiff had on the dates of the accidents, and explain your calculation.

7.    Did Plaintiff suffer injuries as alleged in the Complaint? If not, state in detail the reasons for your denial.

8.    Was Plaintiff acting in the line and scope of his employment at the time of the injuries? If not, state in detail the reasons for your denial.

9.    Did Plaintiff's injuries arise out of his employment? If not, state in detail the reasons for your denial.

10.    State when the accidents first came to the attention of you or your representatives, by whom it was reported, and to whom it was reported. Produce any documents containing the information.

11.    Have you or anyone acting on your behalf obtained from any person or persons any oral or written report, or testimony concerning the accidents involved in the cause of action? If so, state:

    (a)    The name and last known address and present whereabouts, if known, of such persons;

    (b)    When, where, and by whom such reports, statements, or testimony was obtained or made;

    (c)    Produce any such statements.

12.    Did Defendant pay to Plaintiff temporary total disability benefits pursuant to the Alabama Workers' Compensation Act? If not, why not? If so, how many weeks?

13.    Did Defendant pay Plaintiff's medical bills regarding the work injuries he sustained?

14.    Did you have the responsibility or duty of assessing and determining whether temporary total disability benefits payable to Plaintiff be terminated and/or discontinued? If so, please state:

    (a)    The name, address, and job title of the employee and/or agent;

    (b)    The date on which the determination was made;

DocuSign Envelope ID: 2AE9B28D-79C4-465D-8D03-0C1AC392444B

    (c)    The factual basis supporting the determination.

15.    When was Plaintiff's last date of work?

    (a)    Was the Plaintiff terminated from employment with the Defendant?

    (b)    Please list all employees of Defendant who were involved in the decision to terminate the Plaintiff, if applicable.

16.    Please describe all accommodation options, in detail, that you considered on behalf of ALDO STASSI.

17.    Describe fully and completely all reasonable opportunities you extended to regarding his handicap.

18.    Please produce the following:

    (a)    The entire personnel file maintained by Defendant on the Plaintiff.

    (b)    The entire medical file maintained by Defendant on the Plaintiff.

    (c)    The entire workers' compensation file maintained by Defendant on the Plaintiff.

    (d)    Any and all doctor's excuses which were ever in the possession of Defendant regarding Plaintiff.

    (e)    Any and all reports filed with the Department of Industrial Relations regarding work injuries sustained by the Plaintiff.

    (f)    Copies of the original time cards/sheets relating to the Plaintiff's work for the year 2020 to present.

19.    Please state the names, addresses and phone numbers of any and all witnesses who have any facts, knowledge of information concerning the defenses made by the Defendant.

20.    State any defenses and facts establishing said defenses that the Defendant intends to assert in the claim by Plaintiff pursuant to Section 25-5-11.1, Code of Alabama (1975), as last amended.

21.    Has the Defendant, or anyone working on behalf of Defendant, taken any video surveillance of the Plaintiff?

22.    Please state the date Defendant contends Plaintiff reached maximum medical improvement for injuries.

DocuSign Envelope ID: 2AE9B28D-79C4-465D-8D03-0C1AC392444B

## REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT DOLLAR STORE

COMES NOW the Plaintiff, pursuant to Rule 34 of the Alabama Rules of Civil Procedure, and requests the Defendant to produce, within forty-five (45) days from the date of service, the following documents and things.

1.      The original of the DOLLAR TREE STORES, INC. Employee Handbook (or Handbook), together with all revisions thereon, currently in effect.

2.      A complete copy of the personnel file of Plaintiff maintained by Defendant Dollar Store.

3.      A true and correct copy of the job description in effect of the job being performed by the Plaintiff at the time of the accidents.

4.      A true and correct copy of any Personnel Policy and Procedure manuals utilized by the Defendant in either its personnel department, human resources department, or any and all other departments which may utilize such in any form.

5.      Copies of any and all letters, memos, documents, directives, orders, transcriptions of telephone conversations, transcriptions of meetings between Defendant and Plaintiff which may not be contained within his personnel file or a workers' compensation file maintained in his name.

6.      Any and all time sheets, quarterly sheets, hourly sheets, payroll records, or the like, as pertain to Plaintiff for a period of time beginning with the date of employment of the Plaintiff, down through and including the present date.

7.      Copies of any and all records, reports, memos, medical records, medical excuses, or the like, as pertain to any workers' compensation claims either filed or maintained by Plaintiff against the Defendant since the date of Plaintiff's first employment with Defendant down through and including the present date.  **NOTE: Plaintiff is not requesting copies of correspondence, letters or memos between the Defendant and his attorney.**

8.      A copy of the First Report of Injury for the injuries.  **NOTE: This will include any First Report of Injury in the possession of the Defendant as pertains to Plaintiff.**

9.      Copies of any and all files, memos, letters directives, orders, and any and all other documents concerning the Plaintiff held by the Defendant and/or any parent corporation, wherever located and however maintained.  **NOTE: This would include records held in a regional, corporate office or subsidiary of the Defendant.**

10.     A complete list of all employees terminated from DOLLAR TREE STORES, INC. within the last two years.

*/s/ William H. Hassinger*
William H. Hassinger (HAS018)
W. Channing Brashaw (BRA170)
Attorney for Plaintiff

DocuSign Envelope ID: 2AE9B28D-79C4-465D-8D03-0C1AC392444B

OF COUNSEL:
**Wettermark & Keith**
William H. Hassinger
100 Grandview Place, Suite 530
Birmingham, AL 35243
whassinger@wkfirm.com

## **PLEASE SERVE WITH SUMMONS AND COMPLAINT**



AlaFile E-Notice

75-CV-2022-900071.00

To:  William H. Hassinger
     will.hassinger@gmail.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF ST. CLAIR COUNTY, ALABAMA

ALDO STASSI V. DOLLAR TREE STORES, INC. ET AL
75-CV-2022-900071.00

The following complaint was FILED on 4/21/2022 2:42:59 PM

Notice Date:     4/21/2022 2:42:59 PM

KATHRYN BURKE
CIRCUIT COURT CLERK
ST. CLAIR COUNTY, ALABAMA
1815 COGSWELL AVENUE, SUITE 217
PELL CITY, AL, 35125

205-338-2511



AlaFile E-Notice

75-CV-2022-900071.00

To: DOLLAR TREE STORES, INC.
C/O CORPORATION SVC CO.
641 SOUTH LAWRENCE ST
MONTGOMERY, AL, 36104

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF ST. CLAIR COUNTY, ALABAMA

ALDO STASSI V. DOLLAR TREE STORES, INC. ET AL
75-CV-2022-900071.00

The following complaint was FILED on 4/21/2022 2:42:59 PM

Notice Date:     4/21/2022 2:42:59 PM

KATHRYN BURKE
CIRCUIT COURT CLERK
ST. CLAIR COUNTY, ALABAMA
1815 COGSWELL AVENUE, SUITE 217
PELL CITY, AL, 35125

205-338-2511



AlaFile E-Notice

75-CV-2022-900071.00

To: SWIFT TRANSPORTATION CO. OF ARIZONA, LLC
C/O NATL REGISTERED AGENT
2 N JACKSON ST, STE 605
MONTGOMERY, AL, 36104

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF ST. CLAIR COUNTY, ALABAMA

ALDO STASSI V. DOLLAR TREE STORES, INC. ET AL
75-CV-2022-900071.00

The following complaint was FILED on 4/21/2022 2:42:59 PM

Notice Date:     4/21/2022 2:42:59 PM

KATHRYN BURKE
CIRCUIT COURT CLERK
ST. CLAIR COUNTY, ALABAMA
1815 COGSWELL AVENUE, SUITE 217
PELL CITY, AL, 35125

205-338-2511

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>75-CV-2022-900071.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF ST. CLAIR COUNTY, ALABAMA
### ALDO STASSI V. DOLLAR TREE STORES, INC. ET AL

**NOTICE TO:** DOLLAR TREE STORES, INC., C/O CORPORATION SVC CO. 641 SOUTH LAWRENCE ST, MONTGOMERY, AL 36104

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), William H. Hassinger

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 100 Grandview Place, Suite 530, Birmingham, AL 35243

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of ALDO STASSI
pursuant to the Alabama Rules of the Civil Procedure.

*[Name(s)]*

| 04/21/2022 | /s/ KATHRYN BURKE | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.    /s/ William H. Hassinger

*(Plaintiff's/Attorney's Signature)*

### RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____.

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____
in _____ County,

*(Name of Person Served)*     *(Name of County)*

Alabama on _____.

*(Date)*

_____    _____    *(Address of Server)*
*(Type of Process Server)*    *(Server's Signature)*

_____    _____
*(Server's Printed Name)*    *(Phone Number of Server)*

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>75-CV-2022-900071.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF ST. CLAIR COUNTY, ALABAMA
### ALDO STASSI V. DOLLAR TREE STORES, INC. ET AL

**NOTICE TO:** SWIFT TRANSPORTATION CO. OF ARIZONA, LLC, C/O NATL REGISTERED AGENT 2 N JACKSON ST, STE 605, MONTGOMERY, AL 36104

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), William H. Hassinger

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 100 Grandview Place, Suite 530, Birmingham, AL 35243

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of ALDO STASSI

pursuant to the Alabama Rules of the Civil Procedure. *[Name(s)]*

| 04/21/2022 | /s/ KATHRYN BURKE | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.     /s/ William H. Hassinger

*(Plaintiff's/Attorney's Signature)*

### RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____.

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

in _____ County,

*(Name of Person Served)* *(Name of County)*

Alabama on _____.

*(Date)*

_____     _____     *(Address of Server)*

*(Type of Process Server)*     *(Server's Signature)*

_____     _____

*(Server's Printed Name)*     *(Phone Number of Server)*



# NOTICE TO CLERK

### REQUIREMENTS FOR COMPLETING SERVICE BY
### CERTIFIED MAIL OR FIRST CLASS MAIL

IN THE CIRCUIT COURT OF ST. CLAIR COUNTY, ALABAMA
ALDO STASSI V. DOLLAR TREE STORES, INC. ET AL

75-CV-2022-900071.00

To:   CLERK PELLCITY
clerk.pellcity@alacourt.gov

TOTAL POSTAGE PAID: $17.52

Parties to be served by Certified Mail - Return Receipt Requested

DOLLAR TREE STORES, INC.                          Postage: $8.76
C/O CORPORATION SVC CO.
641 SOUTH LAWRENCE ST
MONTGOMERY, AL 36104

SWIFT TRANSPORTATION CO. OF ARIZONA, LLC           Postage: $8.76
C/O NATL REGISTERED AGENT
2 N JACKSON ST, STE 605
MONTGOMERY, AL 36104

Parties to be served by Certified Mail - Restricted Delivery - Return Receipt Requested



■ Complete Items 1, 2, and 3.

■ Print your name and address on the reverse
so that we can return the card to you.

■ Attach this card to the back of the mailpiece,
or on the front if space permits.

A. Signature

X *Jennifer A Ockwood* ☐ Agent
☐ Addressee

B. Received by (Printed Name) | C. Date of Delivery

APR 2 5 2022

1. Article Addressed to:

Swift Transportation Co of
Arizona, LLC
Mail Registered Agent
2 N Jackson, Ste 605
Montgomery, AL  36104

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No



CV22-900071 BKW

9590 9402 7230 1284 6892 15

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

2. Article Number (Transfer from service label)

7018 0360 0001 1130 4667

Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053

USPS TRACKING #

MONTGOMERY AL 350

4 L

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

9590 9402 7230 1284 6892 15

United States
Postal Service



* Sender: Please print your name, address, and ZIP+4® in this box*

Circuit Court
St. Clair Co Courthouse
1815 Cogswell Avenue  Ste 217
Pell City, AL 35125

FILED
SOUTHERN DIVISION-PELL

APR 28 2022

ST. CLAIR COUNTY

CLERK'S REGISTERS

5-164357



AlaFile E-Notice

75-CV-2022-900071.00
Judge: BILLY R. WEATHINGTON JR.

To:  HASSINGER WILLIAM HENRY I
     will.hassinger@gmail.com

---

# NOTICE OF SERVICE

---

IN THE CIRCUIT COURT OF ST. CLAIR COUNTY, ALABAMA

ALDO STASSI V. DOLLAR TREE STORES, INC. ET AL
75-CV-2022-900071.00

The following matter was served on 4/25/2022

**D002 SWIFT TRANSPORTATION CO. OF ARIZONA, LLC**
**Corresponding To**
AUTHORIZED SERVICE
JENNIFER LOCKWOOD

KATHRYN BURKE
CIRCUIT COURT CLERK
ST. CLAIR COUNTY, ALABAMA
1815 COGSWELL AVENUE, SUITE 217
PELL CITY, AL, 35125

205-338-2511



AlaFile E-Notice

75-CV-2022-900071.00

Judge: BILLY R. WEATHINGTON JR.

To: BRASHAW WILLIAM CHANNING
cbrashaw@wkfirm.com

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF ST. CLAIR COUNTY, ALABAMA

ALDO STASSI V. DOLLAR TREE STORES, INC. ET AL
75-CV-2022-900071.00

The following matter was served on 4/25/2022

**D002 SWIFT TRANSPORTATION CO. OF ARIZONA, LLC**
**Corresponding To**
AUTHORIZED SERVICE
JENNIFER LOCKWOOD

KATHRYN BURKE
CIRCUIT COURT CLERK
ST. CLAIR COUNTY, ALABAMA
1815 COGSWELL AVENUE, SUITE 217
PELL CITY, AL, 35125

205-338-2511

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**1. Article Addressed to:**

Dollar Tree Stores, Inc
%Corporation SVS CO
641 South Lawrence St
Montgomery, AL   36104

9590 9402 7230 1264 6882 22

**2. Article Number (Transfer from service label)**

7018 0360 0001 1130 4674

A. Signature

X _Kelly Webster_   ☑ Agent   ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

4-25-22

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

DOUI

CV22-900071 BAW

**3. Service Type**
- ☐ Adult Signature
- ☐ Adult Signature Restricted Delivery
- ☐ Certified Mail
- ☐ Certified Mail Restricted Delivery
- ☐ Collect on Delivery
- ☐ Collect on Delivery Restricted Delivery
- ☐ Insured Mail
- ☐ Insured Mail Restricted Delivery

- ☐ Priority Mail Express®
- ☐ Registered Mail™
- ☐ Registered Mail Restricted Delivery
- ☐ Signature Confirmation™
- ☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053          Domestic Return Receipt



USPS TRACKING #

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

9590 9402 7230 1284 6892 22

United States
Postal Service

FILED

SOUTHERN DIVISION-PE

MAY 02 2022

ST. CLAIR COUNTY
CLERK & RECORDER



Sender: Please print your name, address, and ZIP+4® in this box®

Circuit Court
St. Clair Co Courthouse
10 Public Square   Ste 217
Belleville, IL 62220



AlaFile E-Notice

75-CV-2022-900071.00

Judge: BILLY R. WEATHINGTON JR.

To:  HASSINGER WILLIAM HENRY I
     will.hassinger@gmail.com

---

# NOTICE OF SERVICE

---

IN THE CIRCUIT COURT OF ST. CLAIR COUNTY, ALABAMA

ALDO STASSI V. DOLLAR TREE STORES, INC. ET AL
75-CV-2022-900071.00

The following matter was served on 4/25/2022

D001 DOLLAR TREE STORES, INC.
Corresponding To
AUTHORIZED SERVICE
KELLY WEBSTER

KATHRYN BURKE
CIRCUIT COURT CLERK
ST. CLAIR COUNTY, ALABAMA
1815 COGSWELL AVENUE, SUITE 217
PELL CITY, AL, 35125

205-338-2511



AlaFile E-Notice

75-CV-2022-900071.00

Judge: BILLY R. WEATHINGTON JR.

To:  BRASHAW WILLIAM CHANNING
     cbrashaw@wkfirm.com

---

# NOTICE OF SERVICE

---

IN THE CIRCUIT COURT OF ST. CLAIR COUNTY, ALABAMA

ALDO STASSI V. DOLLAR TREE STORES, INC. ET AL
75-CV-2022-900071.00

The following matter was served on 4/25/2022

D001 DOLLAR TREE STORES, INC.
Corresponding To
AUTHORIZED SERVICE
KELLY WEBSTER

KATHRYN BURKE
CIRCUIT COURT CLERK
ST. CLAIR COUNTY, ALABAMA
1815 COGSWELL AVENUE, SUITE 217
PELL CITY, AL, 35125

205-338-2511

DOCUMENT 10



ELECTRONICALLY FILED
5/10/2022 7:50 AM
75-CV-2022-900071.00
CIRCUIT COURT OF
ST. CLAIR COUNTY, ALABAMA
KATHRYN BURKE, CLERK

## IN THE CIRCUIT COURT OF ST. CLAIR COUNTY, ALABAMA

ALDO STASSI,                                   *
                                               *
        Plaintiff,                             *
                                               *
v.                                             *          Civil Action No.:  CV-22-900071
                                               *
SWIFT TRANSPORTATION CO. OF                    *
ARIZONA, LLC, et al.                           *
                                               *
        Defendants.                            *

### ANSWER OF SWIFT TRANSPORTATION CO. OF ARIZONA, LLC

COMES NOW Defendant **Swift Transportation Co. of Arizona, LLC,** by and through

its undersigned counsel, and answers the plaintiff's complaint as follows:

### I.        PARTIES JURISDICTION AND VENUE

1.  This defendant lacks sufficient information to either admit or deny the allegations of this

paragraph and therefore denies them.

2.  Upon information and belief, admit.

3.  This defendant lacks sufficient information to either admit or deny the allegations of this

paragraph and therefore denies them.

4.  This defendant lacks sufficient information to either admit or deny the allegations of this

paragraph and therefore denies them.

### II. FACTS

5.  This defendant lacks sufficient information to either admit or deny the allegations of this

paragraph and therefore denies them.

6.  This defendant lacks sufficient information to either admit or deny the allegations of this

paragraph and therefore denies them.  This defendant denies that it was negligent and that it

caused or contributed to plaintiff's injury.

7.  Denied.

### III.     FIRST CAUSE OF ACTION
### (NEGLIGENCE OF SWIFT TRANSPORTATION CO. OF ARIZONA, LLC)

8.      Denied.

9.      Denied.

10.     Denied.

### IV.     SECOND CAUSE OF ACTION
### (WANTONNESS OF SWIFT TRANSPORTATION CO. OF ARIZONA, LLC)

11.     Denied.

### V.     THIRD CAUSE OF ACTION
### (WORKERS COMPENSATION BENEFITS OF DOLLAR TREE STORE, INC.)

12.     This defendant lacks sufficient information to either admit or deny the allegations of this

paragraph therefore it denies them.

13.     This paragraph does not make any allegations against this defendant.  Therefore, there is

no response required by this defendant.  To the extent that there are allegations against this

defendant in this paragraph, this defendant lacks sufficient information to either admit or deny the

allegations, and therefore denies them.

14.     This paragraph does not make any allegations against this defendant.  Therefore, there is

no response required by this defendant.  To the extent that there are allegations against this

defendant in this paragraph, this defendant lacks sufficient information to either admit or deny the allegations, and therefore denies them.

15.     This paragraph does not make any allegations against this defendant.  Therefore, there is no response required by this defendant.  To the extent that there are allegations against this defendant in this paragraph, this defendant lacks sufficient information to either admit or deny the allegations, and therefore denies them.

16.     This paragraph does not make any allegations against this defendant.  Therefore, there is no response required by this defendant.  To the extent that there are allegations against this defendant in this paragraph, this defendant lacks sufficient information to either admit or deny the allegations, and therefore denies them.

17.     This paragraph does not make any allegations against this defendant.  Therefore, there is no response required by this defendant.  To the extent that there are allegations against this defendant in this paragraph, this defendant lacks sufficient information to either admit or deny the allegations, and therefore denies them.

## VI.     FOURTH CAUSE OF ACTION
## (NEGLIGENCE/WANTONNESS OF FICTITIOUS PARTIES A THROUGH Z)

18.     This paragraph does not make any allegations against this defendant.  Therefore, there is no response required by this defendant.  To the extent that there are allegations against this defendant in this paragraph, this defendant lacks sufficient information to either admit or deny the allegations, and therefore denies them.  This defendant denies that it was negligent and that it caused or contributed to the injuries alleged by plaintiff.

3

## IX.    DAMAGES

19.    This defendant denies that plaintiff is entitled to any damages or other compensation against it.

20.    This defendant denies that plaintiff is entitled to any damages or other compensation against it.

21.    This defendant denies that plaintiff is entitled to any damages or other compensation against it.

### AFFIRMATIVE DEFENSES

### FIRST DEFENSE

This defendant pleads the general issue and says that it is not guilty of the matters alleged against it and that it did not breach any duty owed to the plaintiff.

### SECOND DEFENSE

This defendant pleads the general issue and says that the allegations of the Complaint are not true.

### THIRD DEFENSE

This defendant pleads that the plaintiff has failed to state a claim against it upon which relief can be granted.

### FOURTH DEFENSE

This defendant denies each and every material allegation of the Complaint and specifically denies that the plaintiff is entitled to recover damages from it.  This defendant denies all allegations and demands strict proof thereof.

### FIFTH DEFENSE

This defendant pleads that there is no causal relationship between any act or property owned by this defendant and the injuries alleged in the Complaint.

4

## SIXTH DEFENSE

This defendant pleads "open an obvious" as a defense.

## SEVENTH DEFENSE

This defendant pleads "assumption of the risk" as a defense.

## EIGHTH DEFENSE

This defendant pleads Plaintiff was contributory negligent which bars Plaintiff from any recovery against this Defendant.

## NINTH DEFENSE

This defendant pleads that Plaintiff has failed to join indispensable parties.

## TENTH DEFENSE

This defendant pleads that is not guilty of conduct for which punitive damages could or should be awarded and deny plaintiff has produced clear and convincing evidence to support or sustain an award of punitive damages against this defendant. Further, it appears on the face of the complaint that plaintiff has no cause of action sounding in wantonness against this defendant.

## ELEVENTH DEFENSE

An award of punitive damages under Alabama law would violate the Fourth, Fifth, Sixth, Seventh, Eighth, and Fourteenth Amendments to the United States Constitution and Article I, Sections 1, 2, 6, 11, 13, 15, 22, 27, and 35 of the Alabama Constitution, separately and severally on the following grounds as well as others:

(a)     An award of punitive damages would violate the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution by imposing punitive damages, which are penal in nature, against a civil defendant based upon a burden of proof which is less than beyond a reasonable doubt as required in criminal cases.

(b)     An award of punitive damages against multiple defendants for different alleged acts of wrongdoing without regard to the nature of the alleged wrongdoing of each separate defendant, which violates the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution.

(c)     There is no reasonable limit on the amount of an award of punitive damages.

(d)     There are no specific standards for the amount on an award of punitive damages.

(e)     An award of punitive damages would result in the imposition of a fine in excess of the maximum criminal fine for the same or similar conduct.

5

(f)     An award of punitive damages would impose excessive fines in violation of the Eighth Amendment of the United States Constitution.

(g)     Alabama law allows arbitrary and capricious imposition of punitive damages by a jury.

(h)     An award of punitive damages would be unconstitutionally vague.

## TWELFTH DEFENSE

The law of Alabama, by allowing a jury to assess punitive damages without established guidelines and/or standards for the exercise for a jury's discretion allows a jury to exercise a policy-making function which is reserved exclusively for the legislative branch of our government and violates the constitutional principal of separation of powers with respect to the United States Constitution and the Alabama Constitution, Article III, Sections 42 and 43.

## THIRTEENTH DEFENSE

An award of punitive damages would violate the self-incrimination clause of the Fifth Amendment of the United States Constitution since those damages are penal in nature although defendants are required to testify and disclose documents and other evidence without the safeguard against self-incrimination set out in the Fifth Amendments to the United States Constitution.

## FOURTEENTH DEFENSE

There is no basis for an award of punitive damages as required by Ala. Code §6-11-20.

## FIFTEENTH DEFENSE

These defendants also assert the limitations set forth in Ala. Code §6-11-21.

## SIXTEENTH DEFENSE

Plaintiff's claim for punitive damages cannot be upheld to the extent it violates or contravenes the holding of the United States Supreme Court in ruling on the case of *BMW v. Gore*, 116 S.Ct. 1589 (1996).

## SEVENTEENTH DEFENSE

Plaintiff's demand for punitive damages violates the due process clause of the Fourteenth Amendment in that the plaintiffs' claim for punitive damages is not necessary to vindicate the state's interest in punishing this defendant and deterring it from punitive misconduct.

### EIGHTEENTH DEFENSE

With respect to Plaintiff's demand for punitive damages, defendant specifically incorporates by reference any and all standards and limitations regarding the determination and enforceability of punitive damage awards set forth by the United States Supreme Court in the decision of *State Farm Mut. Auto Ins. Co. v. Campbell*, 123 S.Ct. 1513 (2003).

### NINETEENTH DEFENSE

"[T]he Due Process Clause prohibits a State from punishing an individual without first providing that individual with 'an opportunity to present every available defense.'" *Phillip Morris v. Williams,* 127 S.Ct. 1057, 1063 (2007) (quoting *Lindsey v. Normet*, 405 U.S. 56, 66 (1972)).

### TWENTIETH DEFENSE

This defendant pleads each and every limitation or cap on punitive damages that may be awarded.

### TWENTY-FIRST DEFENSE

This defendant reserves all other applicable defenses, and reserves its right to amend this Answer in accordance with the provisions of the Alabama Rules of Civil Procedure.

### TWENTY-SECOND DEFENSE

This defendant pleads set-off.

### TWENTY-THIRD DEFENSE

This defendant pleads protection under the Workers Compensation Act to the extent that such protection is afforded to this defendant.

Respectfully submitted,

s/William H. McKenzie, IV
William H. McKenzie, IV (MCK062)
Attorney for Defendant Swift Transportation Co. of
Arizona, LLC

**OF COUNSEL:**
**NORMAN, WOOD, KENDRICK & TURNER**
Ridge Park Place, Suite 3000
1130 22nd Street South

7

DOCUMENT 10

Birmingham, Alabama 35205
Telephone:      (205) 328-6643
Facsimile:      (205) 251-5479
Email:          whm@nwkt.com

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of Court using the Alafile system and that I have served a copy of the foregoing electronically or by placing a copy of same in the U.S. Mail postage prepaid and properly addressed on this the 10th day of May, 2022, to the following:

William H. Hassinger, Esq.
W. Channing Bradshaw, Esq.
Wettermark & Keith, LLC
100 Grandview Place, Suite 530
Birmingham, AL  35243
cbrashaw@wkifirm.com
*Attorneys for Plaintiff*

s/William H. McKenzie, IV___
OF COUNSEL



AlaFile E-Notice

75-CV-2022-900071.00

To:  WILLIAM H. MCKENZIE IV
     whm@nwkt.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF ST. CLAIR COUNTY, ALABAMA

ALDO STASSI V. DOLLAR TREE STORES, INC. ET AL
75-CV-2022-900071.00

The following answer was FILED on 5/10/2022 7:49:58 AM

Notice Date:      5/10/2022 7:49:58 AM

KATHRYN BURKE
CIRCUIT COURT CLERK
ST. CLAIR COUNTY, ALABAMA
1815 COGSWELL AVENUE, SUITE 217
PELL CITY, AL, 35125

205-338-2511



AlaFile E-Notice

75-CV-2022-900071.00

To:  DOLLAR TREE STORES, INC. (PRO SE)
C/O CORPORATION SVC CO.
641 SOUTH LAWRENCE ST
MONTGOMERY, AL, 36104-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF ST. CLAIR COUNTY, ALABAMA

ALDO STASSI V. DOLLAR TREE STORES, INC. ET AL
75-CV-2022-900071.00

The following answer was FILED on 5/10/2022 7:49:58 AM

Notice Date:     5/10/2022 7:49:58 AM

KATHRYN BURKE
CIRCUIT COURT CLERK
ST. CLAIR COUNTY, ALABAMA
1815 COGSWELL AVENUE, SUITE 217
PELL CITY, AL, 35125

205-338-2511



AlaFile E-Notice

75-CV-2022-900071.00

To: SWIFT TRANSPORTATION CO. OF ARIZONA, LLC (PRO SE)
C/O NATL REGISTERED AGENT
2 N JACKSON ST, STE 605
MONTGOMERY, AL, 36104-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF ST. CLAIR COUNTY, ALABAMA

ALDO STASSI V. DOLLAR TREE STORES, INC. ET AL
75-CV-2022-900071.00

The following answer was FILED on 5/10/2022 7:49:58 AM

Notice Date:        5/10/2022 7:49:58 AM

KATHRYN BURKE
CIRCUIT COURT CLERK
ST. CLAIR COUNTY, ALABAMA
1815 COGSWELL AVENUE, SUITE 217
PELL CITY, AL, 35125

205-338-2511



AlaFile E-Notice

75-CV-2022-900071.00

To:  HASSINGER WILLIAM HENRY I
     will.hassinger@gmail.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF ST. CLAIR COUNTY, ALABAMA

ALDO STASSI V. DOLLAR TREE STORES, INC. ET AL
75-CV-2022-900071.00

The following answer was FILED on 5/10/2022 7:49:58 AM

Notice Date:     5/10/2022 7:49:58 AM

KATHRYN BURKE
CIRCUIT COURT CLERK
ST. CLAIR COUNTY, ALABAMA
1815 COGSWELL AVENUE, SUITE 217
PELL CITY, AL, 35125

205-338-2511



AlaFile E-Notice

75-CV-2022-900071.00

To:  BRASHAW WILLIAM CHANNING
     cbrashaw@wkfirm.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF ST. CLAIR COUNTY, ALABAMA

ALDO STASSI V. DOLLAR TREE STORES, INC. ET AL
75-CV-2022-900071.00

The following answer was FILED on 5/10/2022 7:49:58 AM

Notice Date:     5/10/2022 7:49:58 AM

KATHRYN BURKE
CIRCUIT COURT CLERK
ST. CLAIR COUNTY, ALABAMA
1815 COGSWELL AVENUE, SUITE 217
PELL CITY, AL, 35125

205-338-2511

ELECTRONICALLY FILED
5/25/2022 6:15 PM
75-CV-2022-900071.00
CIRCUIT COURT OF
ST. CLAIR COUNTY, ALABAMA
KATHRYN BURKE, CLERK

IN THE CIRCUIT COURT OF ST. CLAIR COUNTY, ALABAMA

ALDO STASSI                                                    PLAINTIFF

VS.                                                  CAUSE NO. 75-cv-2022-900071.00

SWIFT TRANSPORTATION CO.OF ARIZONA, LLC
AND DOLLAR TREE STORES, INC., ET AL                           DEFENDANTS

## ANSWER AND DEFENSES
## OF DEFENDANT, DOLLAR TREE STORES, INC.

COMES NOW, Defendant, Dollar Tree Stores, Inc., and files this its Answer and Defenses to the Complaint filed against it and would show unto the Court the following:

### FIRST DEFENSE

Defendant hereby invokes and raises all 12(b)1-12(b)7 defenses available to it under the Alabama Rules of Civil Procedure, and will file a separate motion where applicable and if necessary, setting forth the basis therefore.

### SECOND DEFENSE

### ANSWER

AND NOW, without waiving the Defendant's right to first be heard on all of the above and foregoing defenses, Defendant, Dollar Tree Stores, Inc. (hereinafter sometimes referred to as "Dollar Tree" or "employer"), would specifically respond to the allegations of the Complaint, paragraph by paragraph, as follows:

### 1.

Defendant, Dollar Tree, admits the allegations contained in Paragraph Number 1 of the Complaint.

### 2.

Based upon information and belief, Dollar Tree admits the allegations contained in

Paragraph Number 2 of the Complaint.

### 3.

Dollar Tree admits the allegations contained in Paragraph Number 3 of the Complaint.

### 4.

Dollar Tree admits that jurisdiction is proper in St. Clair County, Alabama, but denies the remaining allegations contained in Paragraph Number 4 of the Complaint and demands strict proof thereof.

### 5.

Defendant, Dollar Tree, admits the allegations contained in Paragraph Number 5 of the Complaint.

### 6.

Based upon information and belief, Dollar Tree admits the allegations contained in Paragraph Number 6 of the Complaint in that Plaintiff was assisting in the unloading of a delivery truck.

### 7.

Dollar Tree denies the allegations contained in Paragraph 7 of the Complaint and demands strict proof thereof.

### 8.

Defendant, Dollar Tree, reserves the right to respond specifically to the allegations contained in Paragraphs Number 8 through 11 of the Complaint at a later time as they do not appear applicable to this Defendant. To the extent the allegations do pertain to this Defendant, they are denied and strict proof thereof is demanded.

**9.**

Based upon information and belief, Defendant, Dollar Tree, admits the allegations contained in Paragraph Number 12 of the Complaint.

**10.**

Dollar Tree denies the allegations contained in the Paragraph Number 13 of the Complaint and demands strict proof thereof.

**11.**

Defendant admits the allegations contained in Paragraph Number 14 of the Complaint.

**12.**

Dollar Tree denies the allegations contained in the Paragraph Number 15 of the Complaint and demands strict proof thereof.

**13.**

Defendant admits the allegations contained in Paragraph Number 16 of the Complaint.

**14.**

Dollar Tree denies the allegations contained in the Paragraph Number 17 of the Complaint and demands strict proof thereof.

**15.**

Defendant, Dollar Tree, reserves the right to respond specifically to the allegations contained in Paragraphs Number 18 and 19 of the Complaint at a later time as they do not appear applicable to this Defendant. To the extent the allegations do pertain to this Defendant, they are denied and strict proof thereof is demanded.

**16.**

Dollar Tree denies the allegations contained in the Paragraph Number 20 of the

Complaint and demands strict proof thereof.

## 17.

Defendant, Dollar Tree, reserves the right to respond specifically to the allegations contained in Paragraph Number 21 of the Complaint at a later time as it does not appear applicable to this Defendant. To the extent the allegations do pertain to this Defendant, they are denied and strict proof thereof is demanded.

## 18.

Defendant denies the allegations contained in the Paragraph beginning with "WHEREFORE, PREMISES CONSIDERED" and any other allegation within the Complaint which has not been specifically admitted and demands strict proof thereof. Specifically, Plaintiff suffered an admitted work injury, was provided reasonable medical treatment and was paid all indemnity and benefits due to him under the Alabama Workers' Compensation Act, Ala. Code §25-5-1, et. seq. (1975, as amended).

## 19.

Defendant, Dollar Tree, denies that Plaintiff is entitled to any judgment in its favor against this Defendant or that this Defendant is indebted to the Plaintiff for any amount whatsoever.

WHEREFORE, PREMISES CONSIDERED, Defendant, Dollar Tree Stores, Inc., denies that it is liable or indebted to Plaintiff in any amount whatsoever and respectfully moves this Court to dismiss the Complaint against it in this action with all costs to be assessed to the Plaintiff.

Respectfully submitted, this the 25th day of May, 2022.

DOLLAR TREE STORES, INC., DEFENDANT

s/H. Byron Carter, III
BY: H. BYRON CARTER, III

OF COUNSEL:
H. BYRON CARTER, III (CAR079)
RABALAIS UNLAND
5608 I-55 SOUTH
POST OFFICE BOX 720636
JACKSON, MS 39272
TELEPHONE: 601-502-9101
FACSIMILE: 601-502-9199
HBCARTER@RULLAW.COM
HBCARTER@CARTERLAWFIRM.BIZ

## CERTIFICATE OF SERVICE

I, the undersigned counsel for Dollar Tree Stores, Inc., do hereby certify that I have this day filed the above and foregoing pleading with the Clerk of the Court using the AlaFile e-filing system, which should send notification of the filing of the same to:

William H. Hassinger, Esq.
W. Channing Brashaw, Esq.
Wettermark & Keith LLC
100 Grandview Place, Suite 530
Brimingham, AL 35243
cbrashaw@wkifirm..com

William H. McKenzie, IV, Esq.
Norman Wood Kendrick Turner
1130 22nd Street, Suite 3000
Birmingham, AL 35205
whm@nwkt.com

Further, I hereby certify that I have on this date forwarded via U.S. Mail, postage prepaid and properly addressed, a true and correct copy of the above and foregoing to:

No one.

Dated this the 25th day of May, 2022.

s/H. Byron Carter, III
OF COUNSEL



AlaFile E-Notice

75-CV-2022-900071.00

To:  Herbert Byron Carter III
     hbcarter@carterlawfirm.biz

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF ST. CLAIR COUNTY, ALABAMA

ALDO STASSI V. DOLLAR TREE STORES, INC. ET AL
75-CV-2022-900071.00

The following answer was FILED on 5/25/2022 6:15:33 PM

Notice Date:     5/25/2022 6:15:33 PM

KATHRYN BURKE
CIRCUIT COURT CLERK
ST. CLAIR COUNTY, ALABAMA
1815 COGSWELL AVENUE, SUITE 217
PELL CITY, AL, 35125

205-338-2511



AlaFile E-Notice

75-CV-2022-900071.00

To:  DOLLAR TREE STORES, INC. (PRO SE)
     C/O CORPORATION SVC CO.
     641 SOUTH LAWRENCE ST
     MONTGOMERY, AL, 36104-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF ST. CLAIR COUNTY, ALABAMA

ALDO STASSI V. DOLLAR TREE STORES, INC. ET AL
75-CV-2022-900071.00

The following answer was FILED on 5/25/2022 6:15:33 PM

Notice Date:     5/25/2022 6:15:33 PM

KATHRYN BURKE
CIRCUIT COURT CLERK
ST. CLAIR COUNTY, ALABAMA
1815 COGSWELL AVENUE, SUITE 217
PELL CITY, AL, 35125

205-338-2511



AlaFile E-Notice

75-CV-2022-900071.00

To:  HASSINGER WILLIAM HENRY I
     will.hassinger@gmail.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF ST. CLAIR COUNTY, ALABAMA

ALDO STASSI V. DOLLAR TREE STORES, INC. ET AL
75-CV-2022-900071.00

The following answer was FILED on 5/25/2022 6:15:33 PM

Notice Date:     5/25/2022 6:15:33 PM

KATHRYN BURKE
CIRCUIT COURT CLERK
ST. CLAIR COUNTY, ALABAMA
1815 COGSWELL AVENUE, SUITE 217
PELL CITY, AL, 35125

205-338-2511



AlaFile E-Notice

75-CV-2022-900071.00

To:  BRASHAW WILLIAM CHANNING
     cbrashaw@wkfirm.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF ST. CLAIR COUNTY, ALABAMA

ALDO STASSI V. DOLLAR TREE STORES, INC. ET AL
75-CV-2022-900071.00

The following answer was FILED on 5/25/2022 6:15:33 PM

Notice Date:      5/25/2022 6:15:33 PM

KATHRYN BURKE
CIRCUIT COURT CLERK
ST. CLAIR COUNTY, ALABAMA
1815 COGSWELL AVENUE, SUITE 217
PELL CITY, AL, 35125

205-338-2511



AlaFile E-Notice

75-CV-2022-900071.00

To: MCKENZIE WILLIAM HENRY IV
whm@nwkt.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF ST. CLAIR COUNTY, ALABAMA

ALDO STASSI V. DOLLAR TREE STORES, INC. ET AL
75-CV-2022-900071.00

The following answer was FILED on 5/25/2022 6:15:33 PM

Notice Date:    5/25/2022 6:15:33 PM

KATHRYN BURKE
CIRCUIT COURT CLERK
ST. CLAIR COUNTY, ALABAMA
1815 COGSWELL AVENUE, SUITE 217
PELL CITY, AL, 35125

205-338-2511

ELECTRONICALLY FILED
5/31/2022 12:01 PM
75-CV-2022-900071.00
CIRCUIT COURT OF
ST. CLAIR COUNTY, ALABAMA
KATHRYN BURKE, CLERK

IN THE CIRCUIT COURT OF ST. CLAIR COUNTY, ALABAMA

ALDO N. STASSI                                                            PLAINTIFF

VS.                                                 CAUSE NO. 75-cv-2022-900071.00

SWIFT TRANSPORTATION CO. OF ARIZONA, LLC
AND DOLLAR TREE STORES, INC., ET AL                   DEFENDANTS

## NOTICE OF DISCOVERY

PLEASE TAKE NOTICE, that on today's date the attorney for Defendant, Dollar Tree

Stores, Inc., employer, submitted its First Set of Interrogatories to Claimant by Dollar Tree

Stores, Inc., and Requests for Production of Documents to Plaintiff's attorney by email and by U.

S. Mail.

RESPECTFULLY SUBMITTED, this the 31st day of May, 2022.

DOLLAR TREE STORES, INC.
DEFENDANT/EMPLOYER

BY:     s/H. Byron Carter, III
        OF COUNSEL

H. BYRON CARTER, III - MSB # 5907
RABALAIS UNLAND
POST OFFICE BOX 720636
JACKSON, MISSISSIPPI 39272
TELEPHONE: 601-502-9101
FACSIMILE: 601-502-9199
HBCARTER@RULLAW.COM
HBCARTER@CARTERLAWFIRM.BIZ
ATTORNEYS FOR EMPLOYER AND CARRIER

## CERTIFICATE OF SERVICE

I, the undersigned counsel for Defendant, Dollar Tree Stores, Inc., do hereby certify that I have this day filed the above and foregoing pleading with the Clerk of the Court using the AlaFile e-filing system, which should send notification of the filing of the same to:

> William H. Hassinger, Esq.
> W. Channing Brashaw, Esq.
> Wettermark & Keith LLC
> 100 Grandview Place, Suite 530
> Brimingham, AL 35243
> cbrashaw@wkifirm..com

> William H. McKenzie, IV, Esq.
> Norman Wood Kendrick Turner
> 1130 22nd Street, Suite 3000
> Birmingham, AL 35205
> whm@nwkt.com

Further, I hereby certify that I have on this date forwarded via U.S. Mail, postage prepaid and properly addressed, a true and correct copy of the above and foregoing to:

> No one.

Dated this the 31st day of May, 2022.

<div style="text-align: right;">

s/H. Byron Carter, III
OF COUNSEL

</div>



AlaFile E-Notice

75-CV-2022-900071.00

To:  Herbert Byron Carter III
     hbcarter@carterlawfirm.biz

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF ST. CLAIR COUNTY, ALABAMA

ALDO STASSI V. DOLLAR TREE STORES, INC. ET AL
75-CV-2022-900071.00

The following discovery was FILED on 5/31/2022 12:01:11 PM

Notice Date:      5/31/2022 12:01:11 PM

KATHRYN BURKE
CIRCUIT COURT CLERK
ST. CLAIR COUNTY, ALABAMA
1815 COGSWELL AVENUE, SUITE 217
PELL CITY, AL, 35125

205-338-2511



AlaFile E-Notice

75-CV-2022-900071.00

To: HASSINGER WILLIAM HENRY I
will.hassinger@gmail.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF ST. CLAIR COUNTY, ALABAMA

ALDO STASSI V. DOLLAR TREE STORES, INC. ET AL
75-CV-2022-900071.00

The following discovery was FILED on 5/31/2022 12:01:11 PM

Notice Date:     5/31/2022 12:01:11 PM

KATHRYN BURKE
CIRCUIT COURT CLERK
ST. CLAIR COUNTY, ALABAMA
1815 COGSWELL AVENUE, SUITE 217
PELL CITY, AL, 35125

205-338-2511



AlaFile E-Notice

75-CV-2022-900071.00

To:  BRASHAW WILLIAM CHANNING
     cbrashaw@wkfirm.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF ST. CLAIR COUNTY, ALABAMA

ALDO STASSI V. DOLLAR TREE STORES, INC. ET AL
75-CV-2022-900071.00

The following discovery was FILED on 5/31/2022 12:01:11 PM

Notice Date:      5/31/2022 12:01:11 PM

KATHRYN BURKE
CIRCUIT COURT CLERK
ST. CLAIR COUNTY, ALABAMA
1815 COGSWELL AVENUE, SUITE 217
PELL CITY, AL, 35125

205-338-2511



AlaFile E-Notice

75-CV-2022-900071.00

To: MCKENZIE WILLIAM HENRY IV
whm@nwkt.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF ST. CLAIR COUNTY, ALABAMA

ALDO STASSI V. DOLLAR TREE STORES, INC. ET AL
75-CV-2022-900071.00

The following discovery was FILED on 5/31/2022 12:01:11 PM

Notice Date:      5/31/2022 12:01:11 PM

KATHRYN BURKE
CIRCUIT COURT CLERK
ST. CLAIR COUNTY, ALABAMA
1815 COGSWELL AVENUE, SUITE 217
PELL CITY, AL, 35125

205-338-2511

ELECTRONICALLY FILED
6/2/2022 9:57 AM
75-CV-2022-900071.00
CIRCUIT COURT OF
ST. CLAIR COUNTY, ALABAMA
KATHRYN BURKE, CLERK

## IN THE CIRCUIT COURT OF ST. CLAIR COUNTY, ALABAMA

| | | |
|---|---|---|
| **ALDO STASSI,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **v.** | * | Civil Action No.:  CV-22-900071 |
| | * | |
| **SWIFT TRANSPORTATION CO. OF** | * | |
| **ARIZONA, LLC, et al** | * | |
| | * | |
| **Defendants.** | * | |

---

## NOTICE OF SERVICE

---

TO:   Clerk of the Court

COMES NOW the Defendant, Swift Transportation Co. of Arizona, LLC, in the above-styled cause and gives notice of filing the following discovery with the Court:

( )   Interrogatories
**(XX)   Responses to Plaintiff's Interrogatories**
( )   Request for Production of Documents
**(XX)   Responses to Plaintiff's Request For Production of Documents**
( )   Request for Admissions
( )   Response to Requests For Admissions
( )   Notice of Depositions
( )   Notice of Intent to Serve Subpoena

Respectfully submitted,

s/William H. McKenzie, IV
William H. McKenzie, IV (MCK062)
Attorney for Swift Transportation Co. of Arizona,
LLC

**OF COUNSEL:**
**NORMAN, WOOD, KENDRICK & TURNER**
Ridge Park Place, Suite 3000
1130 22nd Street South
Birmingham, Alabama 35205
Telephone:    (205) 328-6643
Facsimile:     (205) 251-5479
Email:          whm@nwkt.com

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of Court using the Alafile system and that I have served a copy of the foregoing electronically or by placing a copy of same in the U.S. Mail postage prepaid and properly addressed on this the 2nd day of June, 2022, to the following:

William H. Hassinger, Esq.
W. Channing Bradshaw, Esq.
Wettermark & Keith, LLC
100 Grandview Place, Suite 530
Birmingham, AL  35243
cbrashaw@wkifirm.com
*Attorneys for Plaintiff*

H. Byron Carter, III, Esq.
Rabalais Unland
5608 I-55 South
Post Office Box 720636
Jackson, MS  39272
hbdcarter@rullaw.com
hbdcarter@carterlawfirm.biz
*Attorney for Dollar Tree Stores, Inc.*

s/William H. McKenzie, IV
OF COUNSEL



AlaFile E-Notice

75-CV-2022-900071.00

To: WILLIAM H. MCKENZIE IV
whm@nwkt.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF ST. CLAIR COUNTY, ALABAMA

ALDO STASSI V. DOLLAR TREE STORES, INC. ET AL
75-CV-2022-900071.00

The following discovery was FILED on 6/2/2022 9:57:20 AM

Notice Date:      6/2/2022 9:57:20 AM

KATHRYN BURKE
CIRCUIT COURT CLERK
ST. CLAIR COUNTY, ALABAMA
1815 COGSWELL AVENUE, SUITE 217
PELL CITY, AL, 35125

205-338-2511



AlaFile E-Notice

75-CV-2022-900071.00

To:  HASSINGER WILLIAM HENRY I
     will.hassinger@gmail.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF ST. CLAIR COUNTY, ALABAMA

ALDO STASSI V. DOLLAR TREE STORES, INC. ET AL
75-CV-2022-900071.00

The following discovery was FILED on 6/2/2022 9:57:20 AM

Notice Date:       6/2/2022 9:57:20 AM

KATHRYN BURKE
CIRCUIT COURT CLERK
ST. CLAIR COUNTY, ALABAMA
1815 COGSWELL AVENUE, SUITE 217
PELL CITY, AL, 35125

205-338-2511



AlaFile E-Notice

75-CV-2022-900071.00

To:  BRASHAW WILLIAM CHANNING
     cbrashaw@wkfirm.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF ST. CLAIR COUNTY, ALABAMA

ALDO STASSI V. DOLLAR TREE STORES, INC. ET AL
75-CV-2022-900071.00

The following discovery was FILED on 6/2/2022 9:57:20 AM

Notice Date:     6/2/2022 9:57:20 AM

KATHRYN BURKE
CIRCUIT COURT CLERK
ST. CLAIR COUNTY, ALABAMA
1815 COGSWELL AVENUE, SUITE 217
PELL CITY, AL, 35125

205-338-2511



AlaFile E-Notice

75-CV-2022-900071.00

To:  CARTER HERBERT BYRON III
     hbcarter@carterlawfirm.biz

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF ST. CLAIR COUNTY, ALABAMA

ALDO STASSI V. DOLLAR TREE STORES, INC. ET AL
75-CV-2022-900071.00

The following discovery was FILED on 6/2/2022 9:57:20 AM

Notice Date:     6/2/2022 9:57:20 AM

KATHRYN BURKE
CIRCUIT COURT CLERK
ST. CLAIR COUNTY, ALABAMA
1815 COGSWELL AVENUE, SUITE 217
PELL CITY, AL, 35125

205-338-2511

| STATE OF ALABAMA | | | ELECTRONICALLY FILED |
|---|---|---|---|

**STATE OF ALABAMA**
Unified Judicial System
75-ST. CLAIR

Revised 3/5/08

☐ District Court   ☑ Circuit Court

Cas [logo]
CV2(

ELECTRONICALLY FILED
7/18/2022 12:18 PM
75-CV-2022-900071.00
CIRCUIT COURT OF
ST. CLAIR COUNTY, ALABAMA
KATHRYN BURKE, CLERK

---

ALDO STASSI V. DOLLAR TREE STORES, INC. ET AL

**CIVIL MOTION COVER SHEET**
*Name of Filing Party:* C001 - STASSI ALDO

---

*Name, Address, and Telephone No. of Attorney or Party. If Not Represented.*
WILLIAM CHANNING BRASHAW
3595 Grandview Pkwy, Suite 350
BIRMINGHAM, AL 35243
*Attorney Bar No.:* BRA170

☐ Oral Arguments Requested

---

## TYPE OF MOTION

| Motions Requiring Fee | Motions Not Requiring Fee |
|---|---|
| ☐ Default Judgment ($50.00) | ☐ Add Party |
| ☐ Joinder in Other Party's Dispositive Motion (i.e.Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Amend |
| | ☐ Change of Venue/Transfer |
| ☐ Judgment on the Pleadings ($50.00) | ☑ Compel |
| ☐ Motion to Dismiss, or in the Alternative Summary Judgment ($50.00) | ☐ Consolidation |
| | ☐ Continue |
| ☐ Renewed Dispositive Motion (Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Deposition |
| | ☐ Designate a Mediator |
| ☐ Summary Judgment pursuant to Rule 56 ($50.00) | ☐ Judgment as a Matter of Law (during Trial) |
| ☐ Motion to Intervene ($297.00) | ☐ Disburse Funds |
| ☐ Other _____ | ☐ Extension of Time |
| pursuant to Rule _____ ($50.00) | ☐ In Limine |
| | ☐ Joinder |
| *Motion fees are enumerated in §12-19-71(a). Fees pursuant to Local Act are not included. Please contact the Clerk of the Court regarding applicable local fees. | ☐ More Definite Statement |
| | ☐ Motion to Dismiss pursuant to Rule 12(b) |
| | ☐ New Trial |
| ☐ Local Court Costs $ 0 | ☐ Objection of Exemptions Claimed |
| | ☐ Pendente Lite |
| | ☐ Plaintiff's Motion to Dismiss |
| | ☐ Preliminary Injunction |
| | ☐ Protective Order |
| | ☐ Quash |
| | ☐ Release from Stay of Execution |
| | ☐ Sanctions |
| | ☐ Sever |
| | ☐ Special Practice in Alabama |
| | ☐ Stay |
| | ☐ Strike |
| | ☐ Supplement to Pending Motion |
| | ☐ Vacate or Modify |
| | ☐ Withdraw |
| | ☐ Other _____ |
| | pursuant to Rule _____ (Subject to Filing Fee) |

---

Check here if you have filed or are filing contemporaneously with this motion an Affidavit of Substantial Hardship or if you are filing on behalf of an agency or department of the State, county, or municipal government. (Pursuant to §6-5-1 Code of Alabama (1975), governmental entities are exempt from prepayment of filing fees) ☐

Date:
7/18/2022 12:16:58 PM

Signature of Attorney or Party
/s/ WILLIAM CHANNING BRASHAW

---

*This Cover Sheet must be completed and submitted to the Clerk of Court upon the filing of any motion. Each motion should contain a separate Cover Sheet.
**Motions titled 'Motion to Dismiss' that are not pursuant to Rule 12(b) and are in fact Motions for Summary Judgments are subject to filing fee.

ELECTRONICALLY FILED
7/18/2022 12:18 PM
75-CV-2022-900071.00
CIRCUIT COURT OF
ST. CLAIR COUNTY, ALABAMA
KATHRYN BURKE, CLERK

## IN THE CIRCUIT COURT OF ST. CLAIR COUNTY, ALABAMA

| | | |
|---|---|---|
| **ALDO STASSI, an individual** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No.: 75-CV-2022-900071** |
| | ) | |
| **DOLLAR TREE STORES, INC., SWIFT** | ) | |
| **TRANSPORTATION CO. OF ARIZONA,** | ) | |
| **LLC, and et al.;** | ) | |
| | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

## PLAINTIFF'S MOTION TO COMPEL DEFENDANT DOLLAR TREE STORES, INC.

COMES NOW, the Plaintiff, Aldo Stassi, and respectfully moves this Honorable Court to compel the Defendant, Dollar Tree Store, Inc., to respond to Plaintiff's Interrogatories and Requests for Productions. In support of this motion, Plaintiff states as follows:

1. On April 21, 2022, Plaintiff filed its complaint against Defendant Dollar Tree Stores, Inc. (hereinafter "Defendant Dollar Tree") which included Interrogatories and Requests for Production.

2. Defendant Dollar Tree was served with the same on or about May 2, 2022.

3. Plaintiff has given proper notice to Defendant of the deposition. Further, Plaintiff has attempted to resolve this dispute without involving this Honorable Court without success. See *Exhibit A.*

4. The Defendant has failed to respond despite discovery responses being overdue.

5. For these reasons, Plaintiff asks the Court to compel the Defendant to respond to Plaintiff's discovery requests within the next fourteen (14) days.

WHEREFORE, ABOVE PREMISES CONSIDERED, Plaintiffs, Aldo Stassi, request that this

Court enter an order compelling Defendant to timely respond to Plaintiffs' discovery requests.

Respectfully submitted:

                                 *s/W. Channing Brashaw*
                                  W. CHANNING BRASHAW (BRA170)
                                  Attorney for Plaintiff
                                  ALDO STASSI

## CERTIFICATE OF SERVICE

I hereby certify that I have on this date electronically filed the foregoing with the Clerk of the Court using the ECF system, which sent notification of such filing to the following:

H. Byron Carter, III
*Attorney for Defendant Dollar Tree Stores, Inc.*
**RABALAIS UNLAND**
5608 I-55 South
PO Box 720636
Jackson, MS 39727

William H. McKenzie, IV, Esq.
*Attorney for Defendant Swift Transportation*
**NORMAN, WOOD, KENDRICK & TURNER**
Ridge Park Place, Suite 3000
1130 22nd Street South
Birmingham, AL 35205
205-328-6643
205-251-5479 - fax
E-mail:  whm@nwkt.com

                                  *s/W. Channing Brashaw*
                                  OF COUNSEL

# Exhibit A

| From: | W. Channing Brashaw |
|---|---|
| To: | "Byron Carter" |
| Cc: | Anna Yohn |
| Subject: | RE: Also Stassi |
| Date: | Thursday, June 16, 2022 2:40:00 PM |
| Attachments: | image002.png |
| | image003.png |

Good afternoon Mr. Carter,

My file reflects that your client was served the complaint and discovery on 4/25/2022. Outside of the responses to the request for admissions, we have not received your discovery responses. The 45 day time limit expired on 6/9/2022. Please forward your responses in the next 10 days, so I can forego filing a motion to compel. Additionally, your client's responses to our requests for production will be critical in either confirming that Swift is the appropriate defendant or reveal the true tortfeasor causing Mr. Stassi's injury. I would think this would be very important to your client for us to hold the tortfeasor responsible here, so they can recovery their subrogation.

Once we swap discovery, would your client be agreeable to mediating this claim?

Thanks,

**W. Channing Brashaw**
Attorney
**WETTERMARK KEITH, LLC**
100 Grandview Place, Suite 530
Birmingham, Alabama 35243
CBrashaw@WKFirm.com
(205) 500-4617 (Mobile)
(205) 212-3064 (Office)
(205) 747-4994 (Fax)
WKFirm.com (Web)
Office Locations:  Birmingham, Chattanooga, Dothan, Huntsville, Knoxville, Montgomery & Panama City

Subscribe to our Newsletter



WETTERMARK
KEITH
PERSONAL INJURY LAWYERS

CONFIDENTIALITY NOTICE: This communication and any accompanying document(s) contain information from Wettermark Keith, LLC, and may be confidential or privileged. The information is intended for the sole use of the individual or entity named above. If you receive this transmission in error, you are advised that any disclosure, copying, distribution, or the taking of any action in reliance upon the communication is strictly prohibited. Moreover, any such inadvertent disclosure shall not compromise or waive the attorney-client privilege as to this communication or otherwise. If you have received this communication in error, please contact me immediately by e-mail at cbrashaw@wkfirm.com or by telephone at (205) 212-3064. Thank you.

**From:** Byron Carter <bcarter@rullaw.com>
**Sent:** Tuesday, May 31, 2022 3:27 PM
**To:** W. Channing Brashaw <CBrashaw@wkfirm.com>
**Cc:** William McKenzie <WHM@nwkt.com>
**Subject:** Also Stassi

Attached are the Responses to Requests for Admissions. So far, I cannot determine how to file the document online, even though I believe the responses are a pleading to be filed. When I called the IT department at the AOC, the person who answered the phone knew less that I do.

RU RABALAIS UNLAND
ATTORNEYS AT LAW

H. Byron Carter, III
Rabalais Unland, LLP
Post Office Box 720636
Jackson, Mississippi 39272
Telephone: 601-502-9101
Facsimile: 601-502-9199

| | |
|---|---|
| **From:** | W. Channing Brashaw |
| **To:** | "Byron Carter" |
| **Cc:** | Anna Yohn |
| **Subject:** | RE: Also Stassi |
| **Date:** | Friday, July 8, 2022 1:28:00 PM |
| **Attachments:** | image001.png |
| | image002.png |

Good afternoon Mr. Carter,

Following up on our discovery here. I really don't want to file a motion, but I sent 10-day correspondence on 6/16.

Thanks,

**W. Channing Brashaw**
Attorney
**WETTERMARK KEITH, LLC**
100 Grandview Place, Suite 530
Birmingham, Alabama 35243
CBrashaw@WKFirm.com
(205) 500-4617 (Mobile)
(205) 212-3064 (Office)
(205) 747-4994 (Fax)
WKFirm.com (Web)
Office Locations:  Birmingham, Chattanooga, Dothan, Huntsville, Knoxville, Montgomery & Panama City

Subscribe to our Newsletter



CONFIDENTIALITY NOTICE: This communication and any accompanying document(s) contain information from Wettermark Keith, LLC, and may be confidential or privileged. The information is intended for the sole use of the individual or entity named above. If you receive this transmission in error, you are advised that any disclosure, copying, distribution, or the taking of any action in reliance upon the communication is strictly prohibited. Moreover, any such inadvertent disclosure shall not compromise or waive the attorney-client privilege as to this communication or otherwise. If you have received this communication in error, please contact me immediately by e-mail at cbrashaw@wkfirm.com or by telephone at (205) 212-3064. Thank you.

**From:** Byron Carter <bcarter@rullaw.com>
**Sent:** Thursday, June 16, 2022 3:15 PM
**To:** W. Channing Brashaw <CBrashaw@wkfirm.com>
**Cc:** Anna Yohn <AYohn@wkfirm.com>
**Subject:** RE: Also Stassi

Generally, they have been open to mediation, so I would think they would in the matter as well. I certainly will ask.

**From:** W. Channing Brashaw <CBrashaw@wkfirm.com>
**Sent:** Thursday, June 16, 2022 2:41 PM
**To:** Byron Carter <bcarter@rullaw.com>
**Cc:** Anna Yohn <AYohn@wkfirm.com>
**Subject:** RE: Also Stassi

Good afternoon Mr. Carter,

My file reflects that your client was served the complaint and discovery on 4/25/2022. Outside of the responses to the request for admissions, we have not received your discovery responses. The 45 day time limit expired on 6/9/2022. Please forward your responses in the next 10 days, so I can forego filing a motion to compel. Additionally, your client's responses to our requests for production will be critical in either confirming that Swift is the appropriate defendant or reveal the true tortfeasor causing Mr. Stassi's injury. I would think this would be very important to your client for us to hold the tortfeasor responsible here, so they can recovery their subrogation.

Once we swap discovery, would your client be agreeable to mediating this claim?

Thanks,

**W. Channing Brashaw**
Attorney
**WETTERMARK KEITH, LLC**
100 Grandview Place, Suite 530
Birmingham, Alabama 35243
CBrashaw@WKFirm.com
(205) 500-4617 (Mobile)
(205) 212-3064 (Office)
(205) 747-4994 (Fax)
WKFirm.com (Web)
Office Locations:  Birmingham, Chattanooga, Dothan, Huntsville, Knoxville, Montgomery & Panama City

Subscribe to our Newsletter



CONFIDENTIALITY NOTICE: This communication and any accompanying document(s) contain information from Wettermark Keith, LLC, and may be confidential or privileged. The information is intended for the sole use of the individual or entity named above. If you receive this transmission in error, you are advised that any disclosure,



AlaFile E-Notice

75-CV-2022-900071.00

Judge: BILLY R. WEATHINGTON JR.

To:  WILLIAM CHANNING BRASHAW
     cbrashaw@wkfirm.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF ST. CLAIR COUNTY, ALABAMA

ALDO STASSI V. DOLLAR TREE STORES, INC. ET AL
75-CV-2022-900071.00

The following matter was FILED on 7/18/2022 12:17:36 PM

C001 STASSI ALDO
MOTION TO COMPEL
[Filer: BRASHAW WILLIAM CHANNING]

Notice Date:     7/18/2022 12:17:36 PM

KATHRYN BURKE
CIRCUIT COURT CLERK
ST. CLAIR COUNTY, ALABAMA
1815 COGSWELL AVENUE, SUITE 217
PELL CITY, AL, 35125

205-338-2511



AlaFile E-Notice

75-CV-2022-900071.00

Judge: BILLY R. WEATHINGTON JR.

To:  HASSINGER WILLIAM HENRY I
     will.hassinger@gmail.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF ST. CLAIR COUNTY, ALABAMA

ALDO STASSI V. DOLLAR TREE STORES, INC. ET AL
75-CV-2022-900071.00

The following matter was FILED on 7/18/2022 12:17:36 PM

C001 STASSI ALDO
MOTION TO COMPEL
[Filer: BRASHAW WILLIAM CHANNING]

Notice Date:     7/18/2022 12:17:36 PM

KATHRYN BURKE
CIRCUIT COURT CLERK
ST. CLAIR COUNTY, ALABAMA
1815 COGSWELL AVENUE, SUITE 217
PELL CITY, AL, 35125

205-338-2511



AlaFile E-Notice

75-CV-2022-900071.00

Judge: BILLY R. WEATHINGTON JR.

To:  CARTER HERBERT BYRON III
hbcarter@carterlawfirm.biz

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF ST. CLAIR COUNTY, ALABAMA

ALDO STASSI V. DOLLAR TREE STORES, INC. ET AL
75-CV-2022-900071.00

The following matter was FILED on 7/18/2022 12:17:36 PM

C001 STASSI ALDO
MOTION TO COMPEL
[Filer: BRASHAW WILLIAM CHANNING]

Notice Date:        7/18/2022 12:17:36 PM

KATHRYN BURKE
CIRCUIT COURT CLERK
ST. CLAIR COUNTY, ALABAMA
1815 COGSWELL AVENUE, SUITE 217
PELL CITY, AL, 35125

205-338-2511



AlaFile E-Notice

75-CV-2022-900071.00

Judge: BILLY R. WEATHINGTON JR.

To: MCKENZIE WILLIAM HENRY IV
whm@nwkt.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF ST. CLAIR COUNTY, ALABAMA

ALDO STASSI V. DOLLAR TREE STORES, INC. ET AL
75-CV-2022-900071.00

The following matter was FILED on 7/18/2022 12:17:36 PM

C001 STASSI ALDO
MOTION TO COMPEL
[Filer: BRASHAW WILLIAM CHANNING]

Notice Date:     7/18/2022 12:17:36 PM

KATHRYN BURKE
CIRCUIT COURT CLERK
ST. CLAIR COUNTY, ALABAMA
1815 COGSWELL AVENUE, SUITE 217
PELL CITY, AL, 35125

205-338-2511

ELECTRONICALLY FILED
7/18/2022 3:20 PM
75-CV-2022-900071.00
CIRCUIT COURT OF
ST. CLAIR COUNTY, ALABAMA
KATHRYN BURKE, CLERK

**IN THE CIRCUIT COURT OF ST. CLAIR COUNTY, ALABAMA**
**PELL CITY DIVISION**

| | | |
|---|---|---|
| STASSI ALDO, | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) Case No.: | CV-2022-900071.00 |
| | ) | |
| DOLLAR TREE STORES, INC., | ) | |
| SWIFT TRANSPORTATION CO. OF | ) | |
| ARIZONA, LLC, | ) | |
| Defendants. | ) | |

## ORDER

If counsel are unable to resolve the outstanding discovery dispute the MOTION TO COMPEL filed by STASSI ALDO will be heard on August 2, 2022, at 9:00 AM.

**DONE this 18th day of July, 2022.**

/s/ **BILLY R. WEATHINGTON JR.**
**CIRCUIT JUDGE**



AlaFile E-Notice

75-CV-2022-900071.00

Judge: BILLY R. WEATHINGTON JR.

To:  HASSINGER WILLIAM HENRY I
     will.hassinger@gmail.com

# NOTICE OF COURT ACTION

IN THE CIRCUIT COURT OF ST. CLAIR COUNTY, ALABAMA

ALDO STASSI V. DOLLAR TREE STORES, INC. ET AL
75-CV-2022-900071.00

A court action was entered in the above case on 7/18/2022 3:20:04 PM

ORDER

[Filer: ]

Disposition:     OTHER
Judge:           BRW

Notice Date:     7/18/2022 3:20:04 PM

KATHRYN BURKE
CIRCUIT COURT CLERK
ST. CLAIR COUNTY, ALABAMA
1815 COGSWELL AVENUE, SUITE 217
PELL CITY, AL, 35125

205-338-2511



AlaFile E-Notice

75-CV-2022-900071.00

Judge: BILLY R. WEATHINGTON JR.

To:  BRASHAW WILLIAM CHANNING
     cbrashaw@wkfirm.com

---

# NOTICE OF COURT ACTION

---

IN THE CIRCUIT COURT OF ST. CLAIR COUNTY, ALABAMA

ALDO STASSI V. DOLLAR TREE STORES, INC. ET AL
75-CV-2022-900071.00

A court action was entered in the above case on 7/18/2022 3:20:04 PM

ORDER

[Filer: ]

| | |
|---|---|
| Disposition: | OTHER |
| Judge: | BRW |

Notice Date:    7/18/2022 3:20:04 PM

KATHRYN BURKE
CIRCUIT COURT CLERK
ST. CLAIR COUNTY, ALABAMA
1815 COGSWELL AVENUE, SUITE 217
PELL CITY, AL, 35125

205-338-2511



AlaFile E-Notice

75-CV-2022-900071.00

Judge: BILLY R. WEATHINGTON JR.

To:  CARTER HERBERT BYRON III
     hbcarter@carterlawfirm.biz

# NOTICE OF COURT ACTION

IN THE CIRCUIT COURT OF ST. CLAIR COUNTY, ALABAMA

ALDO STASSI V. DOLLAR TREE STORES, INC. ET AL
75-CV-2022-900071.00

A court action was entered in the above case on 7/18/2022 3:20:04 PM

ORDER

[Filer: ]

Disposition:     OTHER
Judge:           BRW

Notice Date:     7/18/2022 3:20:04 PM

KATHRYN BURKE
CIRCUIT COURT CLERK
ST. CLAIR COUNTY, ALABAMA
1815 COGSWELL AVENUE, SUITE 217
PELL CITY, AL, 35125

205-338-2511



AlaFile E-Notice

75-CV-2022-900071.00
Judge: BILLY R. WEATHINGTON JR.

To: MCKENZIE WILLIAM HENRY IV
whm@nwkt.com

# NOTICE OF COURT ACTION

IN THE CIRCUIT COURT OF ST. CLAIR COUNTY, ALABAMA

ALDO STASSI V. DOLLAR TREE STORES, INC. ET AL
75-CV-2022-900071.00

A court action was entered in the above case on 7/18/2022 3:20:04 PM

ORDER

[Filer: ]

Disposition:    OTHER
Judge:          BRW

Notice Date:    7/18/2022 3:20:04 PM

KATHRYN BURKE
CIRCUIT COURT CLERK
ST. CLAIR COUNTY, ALABAMA
1815 COGSWELL AVENUE, SUITE 217
PELL CITY, AL, 35125

205-338-2511

ELECTRONICALLY FILED
8/2/2022 10:10 AM
75-CV-2022-900071.00
CIRCUIT COURT OF
ST. CLAIR COUNTY, ALABAMA
KATHRYN BURKE, CLERK

**IN THE CIRCUIT COURT OF ST. CLAIR COUNTY, ALABAMA**
**PELL CITY DIVISION**

| | | |
|---|---|---|
| STASSI ALDO, | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | Case No.:    CV-2022-900071.00 |
| | ) | |
| DOLLAR TREE STORES, INC., | ) | |
| SWIFT TRANSPORTATION CO. OF | ) | |
| ARIZONA, LLC, | ) | |
| Defendants. | ) | |

**ORDER**

It is hereby ORDERED, ADJUDGED AND DECREED as follows:

1.  The MOTION TO COMPEL is hereby GRANTED and the parties have fourteen (14) days to exchange outstanding discovery.

2.  This case is continued for STATUS till 9/6/2022 at 9:00 a.m. in PELL CITY.

**DONE this 2nd day of August, 2022.**

/s/ BILLY R. WEATHINGTON JR.
**CIRCUIT JUDGE**



AlaFile E-Notice

75-CV-2022-900071.00

Judge: BILLY R. WEATHINGTON JR.

To:   HASSINGER WILLIAM HENRY I
      will.hassinger@gmail.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF ST. CLAIR COUNTY, ALABAMA

ALDO STASSI V. DOLLAR TREE STORES, INC. ET AL
75-CV-2022-900071.00

The following matter was FILED on 8/2/2022 10:10:18 AM

Notice Date:     8/2/2022 10:10:18 AM

KATHRYN BURKE
CIRCUIT COURT CLERK
ST. CLAIR COUNTY, ALABAMA
1815 COGSWELL AVENUE, SUITE 217
PELL CITY, AL, 35125

205-338-2511



AlaFile E-Notice

75-CV-2022-900071.00
Judge: BILLY R. WEATHINGTON JR.

To:  BRASHAW WILLIAM CHANNING
cbrashaw@wkfirm.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF ST. CLAIR COUNTY, ALABAMA

ALDO STASSI V. DOLLAR TREE STORES, INC. ET AL
75-CV-2022-900071.00

The following matter was FILED on 8/2/2022 10:10:18 AM

Notice Date:      8/2/2022 10:10:18 AM

KATHRYN BURKE
CIRCUIT COURT CLERK
ST. CLAIR COUNTY, ALABAMA
1815 COGSWELL AVENUE, SUITE 217
PELL CITY, AL, 35125

205-338-2511



AlaFile E-Notice

75-CV-2022-900071.00

Judge: BILLY R. WEATHINGTON JR.

To:   CARTER HERBERT BYRON III
      hbcarter@carterlawfirm.biz

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF ST. CLAIR COUNTY, ALABAMA

ALDO STASSI V. DOLLAR TREE STORES, INC. ET AL
75-CV-2022-900071.00

The following matter was FILED on 8/2/2022 10:10:18 AM

Notice Date:      8/2/2022 10:10:18 AM

KATHRYN BURKE
CIRCUIT COURT CLERK
ST. CLAIR COUNTY, ALABAMA
1815 COGSWELL AVENUE, SUITE 217
PELL CITY, AL, 35125

205-338-2511



AlaFile E-Notice

75-CV-2022-900071.00
Judge: BILLY R. WEATHINGTON JR.

To: MCKENZIE WILLIAM HENRY IV
whm@nwkt.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF ST. CLAIR COUNTY, ALABAMA

ALDO STASSI V. DOLLAR TREE STORES, INC. ET AL
75-CV-2022-900071.00

The following matter was FILED on 8/2/2022 10:10:18 AM

Notice Date:    8/2/2022 10:10:18 AM

KATHRYN BURKE
CIRCUIT COURT CLERK
ST. CLAIR COUNTY, ALABAMA
1815 COGSWELL AVENUE, SUITE 217
PELL CITY, AL, 35125

205-338-2511