UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| **ALDO STASSI,**<br>    Plaintiff,<br><br>v.<br><br>**DOLLAR TREE STORES, INC.,**<br>**et al.,**<br>    Defendants. | Case No. 4:22-cv-1596-CLM |

## MEMORANDUM OPINION

Before the court is Total Transportation Co. of Arizona, LLC's motion to remand this action to state court.

### I.  FACTS

Plaintiff Aldo Stassi ("Stassi") sued two defendants in St. Clair County Circuit Court: (1) Swift Transportation Co. of Arizona, LLC ("Swift"), and (2) Dollar Tree Stores, Inc. ("Dollar Tree"). Stassi added a third defendant in his amended complaint: Total Transportation Co. of Arizona, LLC ("Total"). (*See* Doc. 1-4, p. 82).

The lawsuit arises from an accident that occurred while Stassi was working at Dollar Tree as a store manager. Stassi alleges that while he was helping unload Swift and/or Total's delivery truck, he tripped over crates left on the ground by Swift and/or Total. Stassi says that employees and/or agents of Swift and/or Total used plastic crates to prop up its roller ramp, and failed to keep them out of the walkway. As a result of the accident, Stassi sustained significant bodily injuries.

On December 16, 2022, the state court dismissed all claims against Defendant Swift. (*See* Doc. 1-4, p. 127). So these claims remained: (1) a claim for negligence against Total; (2) a claim for wantonness against Total; and (3) a claim for workers' compensation benefits against Dollar Tree. (*See* Doc. 1-4, p. 82–85).

1

Stassi and Dollar Tree have since mediated the workers' compensation claim. State law provides that once a workers' compensation claim is settled and approved by an Ombudsman (a process that occurred here), the state court should approve the settlement, and dismiss the claim. *See* Ala. Code § 25-5-56; *see also* Ala. R. Jud. Admin. 47.

After the settlement, but before the state court could approve the settlement, Total obtained Dollar Tree's consent to removal. Total removed the case—including the settled claim—to this court under § 28 U.S.C. §§ 1332, 1441, and 1446 on the grounds of diversity jurisdiction.

Under 28 U.S.C. Section 1445(c), a civil action in State court "arising under the workmen's compensation laws of such State may *not* be removed to any district court of the United States." 28 U.S.C. § 1445(c) (emphasis added).

Stassi moved to remand this case to St. Clair County Circuit Court. Stassi's primary argument is that removal was improper because his worker's compensation claim was still pending. *See* 28 U.S.C. § 1445(c). Stassi admits that the claim was mediated, and a tentative agreement was reached. But he asserts that under Ala. Code. § 25-5-56, this agreement must be reviewed and approved by a court of competent jurisdiction before it can be dismissed. So, Stassi says, 28 U.S.C. § 1445(c) renders the entire action is nonremovable.

The court held a status conference on May 16, 2023. The parties explained that the state court is prepared to dismiss the workers' compensation claim, but cannot do so because that claim is before this court.

## II.   LEGAL STANDARD

Federal courts are courts are limited jurisdiction. Only cases that originally could have been filed in federal court may invoke this court's jurisdiction through removal from a state court. *E.g.*, 28 U.S.C. § 1441(a); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). The "removing defendant bears the burden of proving proper federal jurisdiction." *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002) (citing *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319–20 (11th Cir. 2001)). In analyzing whether the defendant has carried that burden, the "removal statutes are construed narrowly" and "uncertainties are resolved in favor of remand." *Burns*, 31 F.3d at 1095 (citation omitted).

### III.   DISCUSSION

**A. Workers' Compensation Claim**

The parties agree that (1) the workers' compensation claim against Dollar Tree (Fifth Cause of Action) was mediated; (2) a tentative settlement agreement was reached; and (3) under Alabama Code § 25-5-6, the state court must review and approve the settlement before that claim can be dismissed. The parties also agree that under 28 U.S.C. Section 1445(c), this court lacks jurisdiction over the workers' compensation claim.

Alabama Code § 25-5-56 applies to workers' compensation settlements, and provides in part:

> . . . No settlement for an amount less than the amounts or benefits stipulated in this article shall be valid for any purpose, unless a judge . . . determines that it is for the best interest of the employee or the employee's dependent to accept a lesser sum ***and approves the settlement***. The court shall not approve any settlement unless and until it has first made inquiry into the bona fides of a claimant's claim and the liability of the defendant; and if deemed advisable, the court may hold a hearing thereon. Settlements made may be vacated for fraud, undue influence, or coercion, upon application made to the judge approving the settlement at any time not later than six months after the date of settlement. Upon settlements being approved, judgment shall be entered thereon and duly entered on the records of the court . . .

Ala. Code. § 25-5-56 (emphasis added). Thus, under this Code provision, a court must review and approve the settlement reached by the parties.

Alabama Rule of Judicial Administration 47 describes when the state court must dismiss the claim:

> (A) A circuit court shall dismiss a pending action seeking relief under the Alabama Workers'

3

> Compensation Act, § 25-5-1- et seq., Ala. Code 1975, when the following conditions have been met:
>
>> (1) the parties have reached a settlement agreement that has been approved by an ombudsman of the Alabama Department of Labor pursuant to § 25-5-292, Ala. Code 1975, and
>>
>> (2) the parties have filed in the circuit court the settlement agreement, including a copy of the settlement documents approved by the ombudsman, and a joint motion for dismissal, pursuant to Rule 41(a)(2), Ala. R. Civ. P.

So once the conditions described above are met, the state court must dismiss the workers' compensation claim. Here, however, the state court cannot do that because the case was removed before the state court had a chance to approve the settlement. So the workers' compensation claim is still part of this lawsuit, currently before this federal court. But under 28 U.S.C. Section 1445(c), the workers' compensation claims need to be remanded because it should have been removed.

28 U.S.C. Section 1445(c) provides that:

> A civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States.

So at the very least, the court must sever and remand the workers' compensation claim because this court lacks subject matter jurisdiction over it. The parties agree with this conclusion.

### B. Tort Claims

The remaining (and more contentious) issue is whether the two tort claims against Total should also be remanded to state court. The answer depends on the meaning of 28 U.S.C. § 1445(c).

Total argues that under Section 1445(c), only the specific claims "arising under" a workers' compensation law are barred from removal. In other words,

4

if a case contains claims that do not "arise under" the State's workers' compensation laws, those claims can stay in federal court. Stassi argues that Section 1445(c) bars the removal of any *action*—in its entirety—that contains a workers' compensation claim.

Most district courts in the Eleventh Circuit agree with Total's interpretation of Section 1445(c). *See Shields v. Georgia- Pac., LLC*, No. 16-263-WS-N, 2016 WL 3963045, at *2 (S.D. Ala. July 21, 2016) ("Typically, courts in this Circuit faced with the removal of both worker's compensation claims and other claims have severed and remanded the worker's compensation cause of action under § 1445(c) while retaining the otherwise removable claims.").

For example, in *Yates v. Eastdale Apartments Limited Partnership*, the plaintiff filed a lawsuit that included (1) a workers' compensation claim and (2) negligence and wantonness claims. No. 2:21-cv-615-ECM, 2022 WL 3230428, at *2 (M.D. Ala. Aug. 10, 2022). The plaintiff argued that the entire case was nonremovable under §1445(c) because it contained a workers' compensation claim that was inextricably linked to the tort claims. *Id.* But the court found "that the workers' compensation claim is not inextricably linked to [Plaintiff's] torts claims and should be severed and remanded to the state court."

Other courts in this Circuit have done the same. *See, e.g.*, *Steel v. Viscofan USA, Inc.*, No. 2:16-cv-808-GMB, 2017 WL 253960, at *2 (M.D. Ala. Jan. 19, 2017) ("This court therefore joins other district courts sitting within the State of Alabama in finding that common-law tort claims, such as negligence and wantonness claims, do not arise under the Alabama Workers' Compensation Act.") (citations omitted); *Steube v. Virco Inc.*, No. 1:16-cv-1008-WHA, 2017 WL 526614, at *3 (M.D. Ala. Feb. 8, 2017) ("If the facts involved in a workers' compensation claim and a tort claim are the same, that merely means that the tort claims are 'related to,' not arising under, workers' compensation law."); *Logan v. McKinney Drilling, LLC*, No. 1:20-cv-268-JB-MU, 2021 WL 354462, at *9 (S.D. Ala. Feb. 2, 2021) ("[T]he Court will remand only the plaintiff's worker's compensation claim. Plaintiff's other claims shall remain pending in this Court.").

The Eleventh Circuit has not squarely addressed the question, but one case provides important guidance. *See Reed v. Heil Co.*, 206 F.3d 1055 (11th Cir. 2000). In *Reed*, a question before the Eleventh Circuit was whether claims

brought under Alabama's statute barring retaliation for the filing of workers' compensation claims "arise under" the state's workers' compensation laws for purposes of § 1445(c). *Id.* at 1057. The court concluded that they do—largely because Alabama's proscription of retaliatory discharges is codified as part of its workers' compensation provisions. *Id.* at 1058. So the court severed and remanded that claim to state court. *Id.* at 1061. But importantly, for our purposes, the Eleventh circuit also held that the plaintiff's ADA claim "was properly before the district court." *Id.* at 1057.

Some district courts have held that *Reed* compels a district court to sever workers' compensation claims and retain the properly removed claims, whether or not jurisdiction is based on a federal question or diversity. *See, e.g.*, *Logan v. McKinney Drilling, LLC*, No. 1:20-268-JB-MU, 2021 WL 354462 (S.D. Ala. Feb. 2, 2021). Other district courts interpret *Reed* as merely complying with the directive that a court sever a workers' compensation claim from a federal question claim in 28 U.S.C. § 1441(c).

This court agrees with its Southern District colleague that, in *Reed*, the Eleventh Circuit appears to have endorsed the practice of severing claims barred under 28 U.S.C. Section 1445, and retaining jurisdiction over the unrelated claims. *See Reed*, 206 F.3d at 1061 (concluding that the federal court lacked subject matter jurisdiction over claims arising under the workers' compensation laws, but proceeding to the merits of the ADA claim). And while the *Reed* court determined that an ADA claim—a federal question—was properly before the district court, there is no apparent reason to treat federal question claims differently than claims that are before a federal court based on diversity jurisdiction.

In sum, the two causes of action for negligence and wantonness do not arise under the workers' compensation laws of Alabama. Following the Eleventh Circuit's lead in *Reed*, the court finds that those claims are properly before this court. District courts may "sever any claim against a party." Fed. R. Civ. P. 21; *Wingard v. Guillot Textilmaschinen GMBH*, No. 2:08-cv-342-WKW, 2008 WL 4368884, at *3 (N.D. Ala. Sept. 23, 2008) ("The trial court has broad discretion . . . in determining whether to sever claims.") (internal quotation marks omitted). So this court will sever the workers' compensation

claim and remand it to state court, but retain jurisdiction over the two pending tort claims against Total.

## IV.   CONCLUSION

For the reasons explained above, the court will **GRANT IN PART** and **DENY IN PART** Stassi's motion to remand (doc. 6). The court will sever the workers' compensation cause of action (Fifth Cause of Action) from the other two remaining causes of action, and **REMAND** that claim to state court. But the court will retain jurisdiction over the two pending tort claims (Third Cause of Action and Fourth Cause of Action). The court will enter a separate order that carries out this ruling.

**DONE** on June 11, 2023.

_____
**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE